Hon. Christopher M Alston
Hearing: August 30, 2019, 9:30 am
Response: August 23, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

SAMIA EL-MOSLIMANY

        Debtor

Case No. 18-14820-CMA
Chapter 7

**MOTION TO AVOID JUDGMENT LIEN**

COMES NOW the debtor, through counsel, and moves the Court for an order avoiding the judgment lien of Hayat Sindi on the Debtor's interest in the real property at 2655 SW 151st PL, Burien, WA 98166 (the "Property"), legally described as Lot 12, Seahurst West, according to the plat thereof recorded in volume 80 of plats, page 45, records of King County Washington. This motion is made pursuant to Bankruptcy Code §522(f) and (h), and is supported by the Declaration of Samia El-Moslimany and the Declaration of Aziza Alyousef.

**PROCEDURAL BACKGROUND**

By separate motion, the Debtor has also moved for an order of abandonment of the Property, and asked the Court to rule on the trustee's boilerplate objection to exemptions (ECF #11), and Hayat Sindi's objection to exemptions (ECF #18) at the same time.

**STATEMENT OF FACTS**

Believe it or not, this is a case about the struggle for women's rights in Saudi Arabia. The principal unsecured creditor, Hayat Sindi, is a very wealthy, powerful, and

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

MOTION TO AVOID LIEN - 1

well connected member of the Saudi establishment. The second-position secured creditor, Aziza Alyousef, is a campaigner for women's rights in Saudi Arabia. The Debtor, Samia El-Moslimany, is a dual U.S. - Saudi citizen. She was arrested for driving a car in Saudi Arabia. She met Ms Alyousef in connection with her arrest. They became dear friends.

Hayat Sindi had an affair with Ms El-Moslimany's husband. She sought to become his second wife. (A Saudi man may have up to four wives at once.) In her hurt and rage, Ms El-Moslimany made statements about Hayat Sindi that Hayat Sindi thought were actionable. She brought suit in Federal District Court in Massachusetts, and ultimately obtained a judgment, described below.

In the meantime, cut off from support from her husband, and facing huge legal bills in addition to her living expenses, Ms El-Moslimany turned to Ms Alyousef for support, in the form of loans. Those loans were documented in part by three promissory notes, in the amounts of $346,666, $100,000 and $26,666 (a total of $472,847); and are secured by a second-position deed of trust on the Property. In addition to the loans documented by the notes, Ms Alyousef has advanced approximately $100,000 to Ms El-Moslimany by wire transfers and in cash. These advances are secured under the future advances clause in the Alyousef Deed of Trust. These advances are documented as set forth in the Declarations of Samia El-Moslimany and Aziza Alyousef, filed herewith. The total amount secured by the Alyousef Deed of Trust is $574,537.

Anyone who doubts that the loans from Aziza Alyousef to Samia El-Moslimany are real should consider that, since before the Hayat Sindi defamation suit was filed in 2013, Ms El-Moslimany has had virtually no income. Yet for the past six years, she has paid her mortgage and her living expenses, supported her mother, and paid out hundreds of thousands of dollars in attorney fees. Where did these funds come from, if

MOTION TO AVOID LIEN - 2

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

not Ms Alyousef's loans?

The Property is the Debtor's principal residence. She owns an undivided 50% interest. Her mother, Ann El-Moslimany, owns the other 50% interest and also resides in the Property. The Debtor scheduled the value of the Property at $1,130,000, and the value of her one-half interest at $565,000[1]. The Trustee's realtor has estimated the value of the Property to be $1,050,000 to $1,200,000.

Washington Federal Savings & Loan holds a first deed of trust on the Property to secure a mortgage debt of $351,371.41 ($355,436.76 according to the Washington Federal motion for relief from stay).

The Alyousef Deed of Trust was recorded on November 7, 2016 and secured a promissory note in the principal amount of $346,666. In addition, the Alyousef Deed of Trust secures future advances by Alyousef to the Debtor. These future advances include a promissory note dated May 28, 2017 in the principal amount of $100,000; a promissory note in the principal amount of $26,666 dated July 25, 2019, and additional advances (which are all documented in the declarations of the Debtor and Aziza Alyousef, filed herewith), which bring the total secured by the Alyousef Deed of Trust to $574,537. Interest continues to accrue on both the Washington Federal and Alyousef Deeds of Trust.

Hayat Sindi obtained a judgment of over $1.5 million against the Debtor in Federal District Court in Boston, Massachusetts, on October 6, 2016. This judgment[2] was docketed in the Federal District Court for the Western District of Washington on January 3, 2017, under case number 2:17-mc-00001. The Debtor appealed this judgment, and the

---

[1] This is without discount for a fractional interest in the property.

[2] This judgment is denominated a "First Amended Judgment".

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

MOTION TO AVOID LIEN - 3

amount of the judgment was reduced on appeal. During the appeal, however, all collection action was stayed. A "Second Amended Judgment" dated August 17, 2018, was registered as a foreign judgment in King County Superior Court on September 7, 2018, and recorded in the King County land records on September 25, 2019.

The Debtor has claimed the Property as exempt pursuant to Washington law in the amount of $125,000. Here is a calculation of the equity in the Debtor's interest in the Property:

```
Gross value: .......................................................... $1,130,000
Less Projected costs of sale at 8% .................................. - $90,400
Less Washington Federal deed of trust ............................. - $355,437
Less Alyousef Deed of Trust ........................................ - $574,537
Net proceeds ........................................................ $109,563
Estate's 50% share of net proceeds ................................. $54,781
Less Debtor's homestead exemption ................................ - $125,000
Net Equity (negative) ............................................... - $70,219
```

Thus, the sum of the encumbrances on the Property plus the Debtor's homestead exemption exceed the value of the Debtor's interest in the Property. As such, there is no equity in the Property for the Hayat Sindi judgment lien to attach to, and the judgment lien is thus avoidable.

Even if the Court finds that the sum of all unavoidable liens on the Property plus the Debtor's homestead exemption is less than the value of the Property, such that there is some equity for the Sindi judgment lien to attach to, the Court should avoid the judgment lien "to the extent" it impairs the Debtor's homestead exemption, leaving only so much of the judgment lien as is supported by demonstrable equity in the Property. *East Cambridge Sav. Bank v. Silveira (In re Silveira)*, 141 F.3d 34 (1st Cir. 1998).

**AUTHORITY AND ARGUMENT**

**Lien Avoidance Based on Impairment of Exemption.** Pursuant to Bankruptcy Code §522(f), a debtor may avoid a judicial lien on exempt property, such as a homestead, to the extent the lien impairs an exemption to which the debtor is entitled. A

MOTION TO AVOID LIEN - 4

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

lien impairs an exemption to the extent the amount of the lien, plus the amount of all other liens on the property, plus the amount of the exemption, exceeds the value of the property. That is the case here, as the amount of the debt secured by the first deed of trust and the second deed of trust, plus the exemption clam, exceeds the value of the Property by over $30,000. The relevant time to measure the value of the property is as of the petition date. *Culver v. Chiu (In re Chiu)*, 266 B.R. 743 (9th Cir. BAP 2001).

**Lien Avoidance Based on Trustee's Avoiding Powers.** Pursuant to Bankruptcy Code §522(h), the debtor may avoid a lien which is avoidable pursuant to Bankruptcy Code §547, if the trustee does not do so. Pursuant to R.C.W. 6.13.090, a judgment becomes a lien on homestead property from the time the judgment is recorded in the land record of the county where the homestead is located. Thus, if a judgment is first recorded in the land records within 90 days before the petition date, it constitutes a preferential transfer and may be avoided.

In this case, the Sindi judgment was purportedly recorded in the King County land records on two separate occasions: Once, on February 27, 2017 by the recording of a "Notice of Lien Against Homestead Property", which referenced the original District of Massachusetts judgment; and again on September 25, 2018, by the recording of a foreign judgment (the "Second Amended Judgment") registered in King County Superior Court. The petition herein was filed on December 20, 2018. Thus, if the February 2017 lien filing is ineffective, the lien was perfected against the Property within the preference period, and is avoidable.

The February 2017 lien recording was defective in three respects. First, it contained an inaccurate parcel number, 7648000120. The correct parcel number is 7638000120. It also did not contain a legal description. There was no way to tie the judgment to this particular parcel of land.

MOTION TO AVOID LIEN - 5

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

Second, the September 2017 recording was based on a judgment docketed in the Federal District Court, not the Washington Superior Court. Under 28 U.S.C. §1962, a federal judgment is a lien on property of the judgment debtor to the same extent, and not more, than a judgment of a state court of general jurisdiction. The statute goes on to say:

> Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State.

Since under Washington law, a judgment must be docketed in the Superior Court before recording, and Washington law permits a federal judgment to be docketed in the Superior Court, so too, this federal judgment had to be docketed in Superior Court before recording. See *RCF Techs., Inc. v Rubbercraft Corp. (In re RCF Techs., Inc.)* 285 BR 531 (Bankr. SD GA 2001). Thus, the February 2017 recording was ineffective.

Third, the judgment now sought to be enforced, the "Second Amended Judgment", superceded the prior judgment. It was not rendered until August 17, 2018 and not recorded until September 25, 2018, less than 90 days pre-petition. Therefore, avoidance of the Second Amended Judgment leaves creditor Hayat Sindi with no judgment lien at all.

## CONCLUSION

There is no equity in the Property for the Sindi judgment lien to attach to. In addition, the judgment lien was not perfected until less than 90 days pre-petition. Therefore, the judgment lien should be avoided in its entirety.

Dated: August 3, 2019

DONALD A BAILEY
Attorney at Law
/s/ Donald A Bailey

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

MOTION TO AVOID LIEN - 6

WSB#12289
Attorney for Debtor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 MOTION TO AVOID LIEN - 7

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com