Hon. Christopher M Alston
Hearing: August 30, 2019, 9:30 am
Response: August 23, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>SAMIA EL-MOSLIMANY<br><br>Debtor | Case No. 18-14820-CMA<br>Chapter 7<br><br>DECLARATION OF AZIZA ALYOUSEF |

Aziza Alyousef hereby declares under penalty of perjury under the laws of the State of Washington and of the United States of America as follows:

1. I make this declaration on my personal knowledge. I have also reviewed Samia El-Moslimany's August 2, 2019 Declaration and its exhibits. Her Declaration and its exhibits are correct with respect to her reports of her transactions with me.

2. Samia El-Moslimany is a friend of mine. We have both been active in promoting women's rights in Saudi Arabia. At great personal risk, she has stood beside me and actively supported me and our campaigns for change for women. As a result of my activism, I was imprisoned for eleven months.

3. I was interrogated in prison about my transfers of money to Samia. I reported the loans attested to herein to the Saudi authorities. As a result of my imprisonment and ongoing trials my bank accounts have been frozen on and off and on again. So far I have only been able to acquire statements for some (but not all) of my bank accounts.

4. Prior to my arrest I observed Samia becoming a visible and active campaigner for the rights of First Wives in Saudi Arabia. (Men may marry up to four wives in Saudi

MOTION TO AVOID LIEN - 1

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

Arabia, and often First Wives have few legal options and are financially destroyed by second marriages).

5. I started supporting Samia when I learned that Hayat Sindi, a well-known and connected public figure in Saudi Arabia, had become involved with, and planned to marry, Samia's husband as a second wife. When Samia revealed her husband's relationship with Sindi, Sindi brought litigation against Samia here in Saudi Arabia and in the United States.

6. I saw a great injustice being done to a fellow women's rights activist, and I began to support Samia emotionally and materially with loans to meet Samia's expenses. I lent her money to cover:

a. Legal expenses for the Hayat Sindi litigation against Samia in Saudi Arabia and the United States.

b. Legal prosecution expenses for a domestic violence case which Samia brought against her husband in Saudi Arabia. Samia prevailed.

c. Islamic divorce and spousal support court expenses.

d. Some living and travel expenses.

e. Some medical expenses for Samia's mother.

f. Payoffs to some of Samia's creditors in Saudi Arabia.

g. Business expenses for her photography studio, including rent and operating expenses.

h. Payroll debts to some of her employees.

i. Expenses related to her attempt to establish a branch of her photography studio in Riyadh.

7. I have loaned Samia at least $574,536 (SAR 2,154,511). To give me security for the loans I had made, and would make in the future, Samia and her mother granted me

MOTION TO AVOID LIEN - 2

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

a deed of trust that was recorded on November 7, 2016 under recording number 2016-1107000004. The deed of trust covers the promissory notes described above, and future advances. A copy is attached here as my EXHIBIT 1.

8. I lent Samia SAR 1,300,000 (US $346,666) on September 1, 2016. The promissory note for this loan secures future loans as well. True and correct copies of the loan in both English and Arabic are attached to Samia's declaration as Exhibit A.

9. I lent Samia $100,000 dated May 28, 2017. That note is also attached at Exhibit A of Samia's Declaration.

10. I lent Samia 100,000 ($26,666) on July 25, 2019. That note is also included in Exhibit A of Samia's Declaration.

11. I also lent her $101,690 in a combination of cash ($25,000) and wire transfers ($76,690). Copies of the wire transfers are attached, at Samia's Exhibits B and C. (I used different accounts because some of my accounts were at times frozen by the Saudi government). Samia agreed to pay me back these additional loans. I trust her absolutely to do so, and she is obligated to do so under the September 1, 2016 Note.

12. My loans to Samia took the form of both bank transfers from my Al Fransi, SAMBA and Arab National Bank Accounts, and from another SAMBA Account and a Bank Aljazira Account as well as cash payments. (It is not unusual to pay debts in cash and to make cash loans, in Saudi Arabia. In fact cash is sometimes the only way to do certain transactions.)

13. On September 1, 2016, I opened an account #111429-002-20 at The Bank Saudi Al Fransi to track the transfers or withdrawals for the initial loan of SAR 1,300,000.

14. The transfers for the $100,000 (SAR 375,000) loan were transferred from a different SAMBA account to Samia's SAMBA account. A report with details of deposits made to Samia's SAMBA Account is attached hereto as EXHIBIT 2. I have been unable

MOTION TO AVOID LIEN - 3

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

to retrieve bank statements for this other SAMBA account because the account was frozen. The final SAR 100,000 was transferred from a Bank Aljazira account and is attached hereto as EXHIBIT 3.

15.  If I can come to the United States and testify to the veracity of the loans I have given to Samia, I will. Right now I am banned from traveling outside of Saudi Arabia pending a trial verdict for my activism.

Signed this 3rd day of August, 2019,


_____
AZIZA ALYOUSEF

MOTION TO AVOID LIEN - 4

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

<span style="color:red">**Exhibit A**</span>

AFTER RECORDING MAIL TO:

Law Offices of John G. Llewellyn, PLLC.
4847 California Ave. SW, Suite 100
Seattle, Washington 98116



20161107000004
LLEWELLYN LAW  DT
PAGE-001 OF 003            76.00
11/07/2016 08:44
KING COUNTY, WA

---

### DEED OF TRUST

THIS DEED OF TRUST, made this 4th day of November, 2016, between SAMIA EL-MOSLIMANY and ANN PAXTON EL-MOSLIMANY, GRANTORS, whose address is 2655 SW 151 Place, Burien, Washington 98166, LAW OFFICES OF JOHN G. LLEWELLYN, PLLC, TRUSTEE, whose address is 4847 California Ave. SW, Suite 100, Seattle, Washington 98116, and AZIZA M. YOUSEF, BENEFICIARY, whose address is P.O. Box 54301, Riyadh 11415, Saudi Arabia.

WITNESSETH: Grantors hereby bargain, sells, and conveys to Trustee in trust, with power of sale, the following described real property located in King County, Washington:

LOT 12, SEAHURST WEST, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 80 OF PLATS, PAGES(S) 45, IN KING COUNTY, WASHINGTON.

Assessor's Property Tax Parcel/Account Number: 763800-0120-00

Which real property is not used principally for agricultural or farming purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter thereunto belonging or in any way appertaining, and the rents, issues, and profits thereof.

This deed is for the purpose of securing performance of each agreement of Grantors herein contained, and payment of the sum of Three Hundred, Forty-Six Thousand, Six Hundred and Sixty-Six Dollars ($346,666.00) without interest, in accordance with the terms of the Promissory Notes executed on September 1, 2016, corresponding to 11/29/1437 of the Hijra Calendar, payable to Beneficiary on order, and made by Grantors, and all renewals, modifications, and extensions thereof, and also such further sums as may be advanced or loaned by Beneficiary to Grantors, or any of their successors or assigns, together with interest thereon at such rate as shall be agreed upon.

To protect the security of this Deed of Trust, Grantors covenant and agree:

1. To keep the property in good condition and repair; to permit no waste thereof, to complete any building, structure, or improvements being built thereon; to restore promptly any building, structure, or improvement thereon which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.
2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.
3. To keep all buildings now or hereafter erected on the property described herein continuously insured against loss by fire of other hazards in an amount not less than the total debt secured by

Initials: _[signature]_
Initials: _[signature]_

Page 1 of 3

this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantors. The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of the Grantors in insurance policies there in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.
5. To pay all costs, fees, and expenses incurred in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorney's fees actually incurred, as provided by statute.
6. Should Grantors fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property hereinabove described, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured hereby, shall be added to and become a part of the debt secured in this Deed of Trust.

IT IS MUTUALLY AGREED THAT:

1. In the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured hereby, shall be paid to Beneficiary to be applied to said obligation.
2. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to do so.
3. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantors and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.
4. Upon default by Grantors in the payment of any indebtedness secured hereby or in the performance of any agreement contained herein, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In such even and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and, (3) the surplus, if any, shall be distributed to the persons entitled thereto.
5. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser the interest in the property which Grantors had or had the power to convey at the time of their execution of this Deed of Trust, and such as they may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive thereof in favor of bona fide purchaser and encumbrances for value.

Initials: /VM/
Initials: A. El-M

Page 2 of 3

Order: 8746032
Doc: 2016-1107000004

- 2 of 3 -

Document Retrieval : FASTSearch ®

Case 18-14820-CMA    Doc 80-3    Filed 08/03/19    Ent. 08/03/19 12:13:54    Pg. 6 of 9

6. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.
7. In the event of the death, incapacity, disability, or resignation of the Trustee, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which the Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantors, Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.
8. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

_____
SAMIA EL-MOSLIMANY

_____
ANN PAXTON EL-MOSLIMANY

STATE OF WASHINGTON )
                    )ss
COUNTY OF KING      )

I certify that I know or have satisfactory evidence that SAMIA EL-MOSLIMANY and ANN PAXTON EL-MOSLIMANY are the people who appeared before me, and said individuals acknowledged that they signed this instrument, on oath stated that they are authorized to execute the instrument and acknowledged its execution to be the free and voluntary act of said parties for the uses and purposes mentioned in this instrument.

DATED this 4th day of November, 2016.

_____
Notary Public in and for the State of Washington
Residing at: Seattle
My commission expires: Dec 5, 2017

**REQUEST FOR FULL RECONVEYANCE** – *Do not record. To be used only when note has been paid.*

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

DATED: _____

Initials: SM
Initials: a El-M

Page 3 of 3

# Exhibit B

Newest Loan from Aziza

| Transaction Date | Value Date | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| 5/21/17 0:00 | 5/21/17 0:00 | LOCAL & INT INCOMING TRANSFER(SARIE) /09:35 /SAR50000 /REM:SARA A. S. ALHAIDAR /ARNBSARIXXX | 0 | 50,000 | 51,719.09 |
| 5/23/17 0:00 | 5/23/17 0:00 | INCOMING SARA A. S. ALHAIDAR | 0 | 44,000 | 87,996.79 |
| 5/24/17 0:00 | 5/24/17 0:00 | LOCAL & INT INCOMING TRANSFER(SARIE) /09:28 /SAR50000 /REM:SARA A. S. ALHAIDAR /ARNBSARIXXX | 0 | 50,000 | 137,996.79 |
| 5/28/17 0:00 | 5/28/17 0:00 | LOCAL & INT INCOMING TRANSFER(SARIE) /11:13 /SAR50000 /REM: S. ALHAIDAR /ARNBSARIXXX | 0 | 50,000 | 232,697.03 |
| 5/28/17 0:00 | 5/28/17 0:00 | LOCAL & INT INCOMING TRANSFER(SARIE) /11:16 /SAR50000 /REM: S. ALHAIDAR /ARNBSARIXXX | 0 | 50,000 | 282,697.03 |
| 5/29/17 0:00 | 5/29/17 0:00 | LOCAL & INT INCOMING TRANSFER(SARIE) /10:47 /SAR50000 /REM: S. ALHAIDAR /ARNBSARIXXX | 0 | 50,000 | 332,697.03 |
| 5/30/17 0:00 | 5/30/17 0:00 | LOCAL & INT INCOMING TRANSFER(SARIE) /11:11 /SAR50000 /REM: S. ALHAIDAR /ARNBSARIXXX | 0 | 50,000 | 149,331.03 |
| 6/1/17 0:00 | 6/1/17 0:00 | INCOMING SARA A. S. ALHAIDAR | 0 | 31,000 | 39,949.14 |
| | | | | 375,000 | |

 
 

| | |
|---|---|
| | ✓ تمت عملية التحويل للمستفيد بنجاح |
| حفظ ♡ | |

## تفاصيل التحويل

| | |
|---|---|
| 0040-80066314-001 | من حساب |
| SAMIA ELMOSLIMANY | المستفيد |
| SAMIA ELMOSLIMANY | الإسم |
| مجموعة سامبا المالية | اسم البنك |
| | رقم الحساب الدولي |
| SA3540000000000124502474 - SAR | |
| 100,000.00 ريال سعودي | المبلغ |
| 2.50 ريال سعودي - 01/08/2019 | الرسوم |
| 0.13 ريال سعودي | قيمة الضريبة المضافة |
| شخصي | الفئة |
| الأهل والأقارب/ الأصدقاء | الغرض |
| فوري | وقت التحويل |

Exhibit C

