|   |   |
|---|---|
|   | Hon. Christopher M Alston<br>Hearing: August 30, 2019, 9:30 am<br>Response: August 23, 2019 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>SAMIA EL-MOSLIMANY<br><br>Debtor | Case No. 18-14820-CMA<br>Chapter 7<br><br>**MOTION TO ABANDON PROPERTY OF ESTATE** |

COMES NOW the debtor, through counsel, and moves the Court for an order abandoning the debtor's interest in the real property at 2655 SW 151st PL, Burien, WA 98166 (the "Property"), legally described as Lot 12, Seahurst West, according to the plat thereof recorded in volume 80 of plats, page 45, records of King County Washington.

By separate motion, the debtor has also sought an order avoiding the judgment lien of Hayat Sindi pursuant to Bankruptcy Code §522(f) and (h). The Court should also rule on the trustee's boilerplate objection to exemptions (ECF #11) at the same time.

The Property is the debtor's principal residence. She owns an undivided 50% interest. Her mother, Ann El-Moslimany, owns the other 50% interest and also resides in the Property. The debtor scheduled the value of the Property at $1,130,000, and the value of her one-half interest at $565,000[1]. The trustee's realtor has valued the property at $1,150,000 to $1,200,000. Declaration of Rik Jones, ECF #75.

Scheduled encumbrances against the property include the first mortgage to Washington Federal Savings & Loan, in the amount of $351,371.41 ($355,436.76

---

[1] This is without discount for a fractional interest in the property.

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

MOTION TO ABANDON - 1

according to the Washington Federal motion for relief from stay); and a second deed of trust in favor of Aziza Alyousef (the "Alyousef Deed of Trust"), and purported judgment liens in favor of Hayat Sindi exceeding $1,500,000.

The Alyousef Deed of Trust was recorded on November 7, 2016 and secured a promissory note in the principal amount of $346,666. In addition, the Alyousef deed of trust secures future advances by Alyousef to the Debtor. These future advances include a promissory note dated May 28, 2017 in the principal amount of $100,000, a promissory note in the principal amount of $26,666 dated July 25, 2019, and additional advances (which are all documented in the declarations of the Debtor and Aziza Alyousef, filed herewith), which bring the total secured by the Alyousef Deed of Trust to $574,537. Interest continues to accrue on the Washington Federal deed of trust.

In his response to Washington Federal's motion for relief from stay (ECF# 73), the Trustee speculates that the Alyousef Deed of Trust may be avoidable. The Trustee provides no legal basis for this speculation. Rather, the Trustee appears to argue that the amount secured by the Alyousef Deed of Trust is subject to dispute. To make this argument, the Trustee mis-characterizes the Debtor's testimony at the Section 341 meeting in an attempt to show that Ms Alyousef's advances to the Debtor are not adequately documented. Ms Alyousef holds three promissory notes totaling $472,847. In addition, she has made other advances to the Debtor by cash and wire transfer. It was some (not all) of these advances that the Debtor was talking about at the Section 341 meeting. As shown by the declarations of the Debtor and Ms Alyousef accompanying this motion, these additional advances can now be documented, thanks to the efforts of the Debtor and others in retrieving bank records in Saudi Arabia.

Creditor Hayat Sindi recorded two versions of her judgment in the land records. The second recordation was less than 90 days prior to the petition date. As such, it is

MOTION TO ABANDON - 2

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

avoidable as a preference. The first recordation was outside the preference period, but it was based on a judgment that was later reduced on appeal, and it was not preceded by any registration of the judgment in the King County Superior Court. Recordation of this judgment may also have violated the stay of judgment enforcement issued in connection with the Debtor's appeal of the judgment.

The Debtor has claimed her interest in the Property as exempt pursuant to Washington law in the amount of $125,000. Here is a calculation of the equity in the Debtor's interest in the Property (ignoring the purported Hayat Sindi judgment lien):

```
Gross value: ........................................... $1,130,000
Less Projected costs of sale at 8% ................................ - $90,400
Less Washington Federal deed of trust ........................... - $355,437
Less Alyousef Deed of Trust ..................................... - $574,537
Net proceeds ................................................... $109,563
Estate's 50% share of net proceeds ................................ $54,781[2]
Less Debtor's homestead exemption .............................. - $125,000
Net Equity (negative) .......................................... - $70,219
```

Thus, on a gross basis, even without considering the Hayat Sindi judgment lien, there is no equity in the property for the bankruptcy estate, and the property is therefore of inconsequential value to the estate and ought to be abandoned.

Since the Property is a single-family residence occupied by other members of the Debtor's extended family, it is impractical for the trustee to sell the Debtor's undivided one-half interest in the Property. In order to sell the interests of both the Debtor and the co–owner in the Property, the trustee must bring an adversary proceeding under Bankruptcy Code §363(h), and prove that the benefit to the estate of the sale of the Property free of the interest of the co-owner outweighs the detriment to the co-owner.

---

[2] In the Trustee's response to Washington Federal's motion for relief from stay, ECF #73 at page 2, this critical step is omitted. As a result, the Trustee's calculation of the estate's net equity incorrectly includes both the Debtor's interest in the Property and the co-owner's interest in the Property.

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

MOTION TO ABANDON - 3

In this case, that seems highly unlikely. The co-owner, Ann El-Moslimany, is an elderly woman in frail health. The Property has been her home for many years. She lacks the means to purchase, or even probably to rent, another residence. The sale of the Property by the bankruptcy trustee would, in effect, render Ann El-Moslimany homeless.

On the other side of the equation, there is no conceivable benefit to the estate in a sale of the Property. Even if the value of the Property is $1,200,000, the high end of the estimate by the Trustee's realtor, and the Trustee is able to reduce the amount secured by the Alyousef Deed of Trust to the principal amount of the three promissory notes, $472,847, the net equity of the Debtor's interest in the Property would be less than $13,000, as follows:

```
Gross value: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,200,000
Less Projected costs of sale at 8% . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    - $96,000
Less Washington Federal deed of trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   - $355,437
Less Alyousef Deed of Trust (promissory notes only) . . . . . . . . . . . . . .       - $472,847
Net proceeds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $275,716
Estate's 50% share of net proceeds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $137858
Less Debtor's homestead exemption . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   - $125,000
Net Equity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $12,858
```

The Trustee's attorney fees to litigate the validity of the Alyousef Deed of Trust and the section 363(h) adversary proceeding would eat up that net equity very quickly. Moreover, while these pieces of litigation move through the Court, interest will keep accruing on both the Washington Federal and Alyousef deeds of trust. And unless the trustee can avoid the Hayat Sindi judgment liens, he will have to use some of these meager funds for a "carve-out" to Sindi.

Therefore, it is highly unlikely that the Trustee would succeed in an action to sell the Property pursuant to Bankruptcy Code §363(h). And even if the trustee were able to sell the property, generate some $13,000 in net proceeds, avoid all litigation costs, avoid sharing a carve-out with Hayat Sindi – all very large "ifs" – that would represent a mere

MOTION TO ABANDON - 4

1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

Case 18-14820-CMA    Doc 81    Filed 08/03/19    Ent. 08/03/19 12:16:41    Pg. 4 of 5

0.65% return to creditors, who have filed claims exceeding $1,987,944.

**CONCLUSION**

There is simply no possibility that the El-Moslimany residence has any value to the bankruptcy estate. Any effort the Trustee may make to avoid the Alyousef Deed of Trust or sell the interest of the co-owner, the Debtor's mother, will be so much tilting at windmills. The Court should order abandonment of the property so that the Debtor can achieve a fresh start, and resume making mortgage payments.

Dated: August 3, 2019

DONALD A BAILEY
Attorney at Law

/s/ Donald A Bailey
WSB#12289
Attorney for Debtor

MOTION TO ABANDON - 5

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

Case 18-14820-CMA    Doc 81    Filed 08/03/19    Ent. 08/03/19 12:16:41    Pg. 5 of 5