| | |
|---|---|
| Judge: | Hon. Christopher M. Alston |
| Chapter: | Chapter 7 |
| Hearing Date: | September 20, 2019 |
| Hearing Time: | 9:30 a.m. |
| Hearing Site: | 700 Stewart St., #7206 |
| | Seattle, WA 98101 |
| Response Date: | September 13, 2019 |

UNITED STATES BANKRUPTCY COURT   FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re: | Case No. 18-14820 |
|---|---|
| SAMIA EL-MOSLIMANY,  Debtor. | TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ABANDONMENT OF RESIDENCE |

RONALD G. BROWN, the Chapter 7 Trustee ("Trustee"), by and through his undersigned counsel objects to the Debtor's Motion to Compel Abandonment of her Residence for the reasons set forth below.

The Debtor seeks to compel the Trustee to abandon real property located at 2655 SW 151st Place, Burien, Washington ("Residence").   The Trustee believes that there is equity in the Property, even if the second position deed of trust is valid, and as such the motion should be denied.  Alternatively, the Trustee submits that the court cannot determine that the property is of no benefit or unduly burdensome to the estate until it determines the validity and amount of the second position deed of trust granted to Aziza Yousef ("Ms. Yousef").

**Trustee's Complaint to Avoid second position deed of trust granted to Aziza Yousef**

The Trustee filed a complaint on September 12, 2019 seeking to avoid the second position deed of trust granted to Aziza Yousef which is proceeding under Adversary Proceeding No.  19-01116.  As a second cause of action, the Trustee also seeks to prevent Ms. Yousef from adding any post-petition transfers to the final balance owed to her, as all post-petition advances were made without court approval.

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 1

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Case 18-14820-CMA    Doc 94    Filed 09/13/19    Ent. 09/13/19 17:50:44    Pg. 1 of 10

The Trustee incorporates the Complaint in Adversary Proceeding No. 19-01116 and all twenty-two exhibits attached thereto into this response as though fully set forth herein.

**The Debtor stated she had no bank accounts**.

Schedule A/B Question 17 requires the debtor to disclose all checking savings and other financial accounts she maintains. She indicated she had none.   Thus, the Debtor's sworn statement is that she does not have a single bank account anywhere.   In answer to question 20 on her Statement of Financial Affairs she indicates that all of her bank accounts were closed or frozen between June of 2017 and July of 2018.   The only U.S. bank accounts disclosed were maintained at Key Bank and Washington Federal and, according to her sworn statement, those have been closed since July, 2018 and August, 2018 respectively.

**Ms. Yousef's Deed of Trust and Promissory Notes**

**Problems with Ms. Yousef's Deed of Trust and Alleged Advances**

According to the Debtor's Motion there were three promissory notes executed:

1.  September 1, 2016 - $346,666.00 ("2016 Promissory Note")

2.  May 28, 2017        $100,000.00 ("2017 Promissory Note")

3.  July 25, 2019        $ 26,666.00 ("2019 Promissory Note")

    Total                $ 473,332.00

The Debtor's schedules list the amount owing on Ms. Yousef's deed of trust as $500,000.00. In her Motion, the Debtor now claims that the amount she owes to Ms. Yousef is not   the $473,332.00 set forth in the Promissory Notes, nor is it the $500,000.00 she listed as owing on Schedule D of her  bankruptcy schedules,  but it is now $574,537.00, because Ms. Yousef advanced another $101,690.00 on some unstated date or dates for which no promissory note was prepared or executed.  Thus, the Debtor contends there are four separate alleged transfers of funds from Ms. Yousef to her.

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 2

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Case 18-14820-CMA    Doc 94    Filed 09/13/19    Ent. 09/13/19 17:50:44    Pg. 2 of 10

The Debtor produced a declaration from herself and Ms. Yousef. The Declarations and documents attached thereto are analyzed as set forth below.

**Transfer of $346,666.00**

1. Both the Debtor and Ms. Yousef state that Ms. Yousef lent 1,300,000 Riyals ($346,666.00 US) to the Debtor. In paragraph 8 of her declaration, Ms. Yousef states that the entire $346,666.00 was lent on September 1, 2016. There are no documents attached to her declaration showing the transfer of $346,666 from her to the Debtor on September 1, 2016, or on any other date. There is simply no documentation attached to her declaration to support this statement.

2. The Debtor, on the other hand, testified at her §341 meeting that the $346,666.00 was lent over the course of the past couple of years and her accounting advanced to her by Ms. Yousef is not very accurate. McKee Declaration, docket #76, page 28 and 29. There are no documents submitted by the Debtor showing any money she received from Ms. Yousef on or before September 1, 2016.

**$100,000.00 Transfer on May 28, 2017**

1. Both the Debtor and Ms. Yousef state in their declarations that Ms. Yousef lent the Debtor $100,000.00 US on May 28, 2017. To support this statement, Ms. Yousef refers to Exhibit B[1] attached to the Debtor's declaration. Exhibit B appears to be an internal report likely prepared by the Debtor as the caption is "Newest Loan from Aziza". According to Exhibit B all of the alleged loans from Ms. Yousef were wired by Sara A.S. Alhaidar but it does not say to whom the funds were wired or into what account they were deposit. But more interesting, is the fact that the same report shows that as of June

---

[1] In her declaration, Ms. Yousef references Exhibit 2 to her declaration. There is no exhibit 2 since all exhibits attached to her declaration are referenced by letters rather than numbers. As such the trustee assumes that Ms. Yousef meant exhibit B rather than Exhibit 2.

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 3

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Case 18-14820-CMA    Doc 94    Filed 09/13/19    Ent. 09/13/19 17:50:44    Pg. 3 of 10

1, 2017, three days after the alleged $100,000.00 transfer, the balance owed by the

Debtor to Ms. Yousef was only $39,949.14.

2. The Debtor attached no documentation to support this $100,000.00 transfer other

than Exhibit B.

**Newly claimed advance of $101,690.00.**

Both the Debtor and Ms. Yousef contend that Ms. Yousef gave the Debtor $25,000.00 cash

and wired her funds totaling $76,690.00. Both parties admit there is no promissory note to

evidence this transaction. Neither party states when these transfers occurred, so we have no idea if

the transfers are pre or post-petition. There are two documents attached to Ms. Yousef's

declaration which *may* relate to this obligation, but it is virtually impossible to tell.

> 1) Title ANB Net Transaction Receipt for account holder: Sara A.S. AlHaidar, account
> #[2] x0011 showing someone's utility bill was paid on September 28, 2017 in the
> amount of 280.00 Riyals ---$75.08 USD.
>
> 2) ANB Net Transaction Receipt for Sara A.S. AlHaidar for same account #[3], for
> payment of an unidentified entities utility bill in the amount of 454.28 Riyals--
> $121.01 USD.
>
> 3) Bailey transfer. Exhibit C to the Debtor's declaration appears to be a money
> transfer showing $12,000.00 on what appears to be October 30, 2018 with the
> remitter appearing to be Sarah AlHaidar, the beneficiary appears to be Don Bailey,
> the Debtor's counsel. However, Sarah AlHaidar is not Ms. Yousef and as such, it is
> not evidence of a loan from Ms. Yousef to the Debtor.

**Post-Petition Advance of $26,666**

Both the Debtor and Ms. Yousef state that Ms. Yousef lent the Debtor $100,000.00 Riyals

($26,666.00 US) and there was a promissory note executed July 25, 2019 evidencing this

transaction. They do not state when the transfer or transfers were made. The documentation

attached which may relate to this obligation is as follows:

> Screen shot, SAMBA acct #x1831, international transfer (net), 8,634.66, on March
> 13, 2019 (post-petition), transfer of USD 2300 @ 3.7542000 in favor of Rilla Ella

---

[2] Ms. Yousef should have redacted this number, so the Trustee is not using the entire number, just the last 4 digits.

[3] Ms. Yousef should redact this account number as well.

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 4

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Usman Al Haddar[4] x2826 at Sound Credit Union, under our ref #0500300725609--$2300 USD. According to the Debtor's schedules, she has no open bank accounts in the United States, or anywhere for that matter, and the only ones she ever had in the U.S. were maintained at Key Bank and Washington Federal. This transfer is to an account at a bank the Debtor never banked at, into an account which is not the Debtor's, so it is not evidence of a loan to the Debtor.

From SAR currency to acct x2826 to USD currency, beneficiary is Rilla Ella Usman Al-Haddar) $5,300 USD; total amount debited SAR 19,949.76, reference # not visible --$5,300 USD. There is no date on the transaction document, nor is there any indication as to whom the sender is or into what bank account it was transferred. In any event, it was not a transfer to the Debtor.

There is a screen shot of a document with the number 100,000 on it but the document is mainly in Arabic, so the Trustee does not know what it actually says. Inexplicably, there is an English number which appears to be a date which may or may not be January 8, 2019 or August 1, 2019. The previous translated Arabic documents generally show the date/month/year not the month/date/year. It has the Debtor's name, but we have no idea if the Debtor's name is as the transferor, transferee, account holder, or just what part she plays. Nowhere on this document does it state who is translating portions of it to English and why only portions have been translated and not all of it. This document has absolutely no evidentiary value.

The Trustee believes that after carefully analyzing each document attached to Ms. Yousef's and the Debtor's Declarations the Court can determine that:

1) There is no actual evidence of the transfer of any funds from Ms. Yousef to the Debtor in the amount of $346,666.00 on or before September 1, 2016.

2) Exhibit B, the document prepared by either Ms. Yousef or the Debtor is nothing more than perhaps an internal accounting which is not proof of funds lent, and even it if was it shows that all but approximately $40,000.00 of the funds lent by Ms. Yousef to the Debtor were repaid.

3) The only evidence the parties have submitted of any transfers show funds being transferred to or by people that are not Ms. Yousef or the Debtor into unknown accounts in an amount totaling $7,796.08.

---

[4] Ms. Yousef should have redacted this account number as well

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 5

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

4) The 2019 Promissory Note was executed less than two months ago, and seven months after the Petition Date and, thus, the Trustee believes that is an unauthorized post-petition transfer that is avoidable pursuant to section 549 of the Bankruptcy Code and should not be included in the total amount owing. If the 2019 Promissory Note is not counted, the amount owing on the 2016 and 2017 Promissory Notes totals $446,666.00.

5) There was no promissory note executed in relation to the newly claimed $101,690.00 advanced and no statement as to when the funds were advanced and as such the Trustee does not believe it should be included at all in the determination as to whether there is equity in the Residence.

**Dispute as to Value of the Residence**

The value of the Debtor's Residence is in dispute. The Trustee's realtor has previously filed a declaration indicating that the value of the Residence is between $1,150,000 and $1,200,000.00 and would recommend a list price of $1,250,000.00. The Debtor contends the value is $1,130,000.00.

**Abandonment of Property of the Estate**

Abandonment of Property of the Estate is Governed by §554 of the Bankruptcy Code which provides as follows:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

The party seeking abandonment must establish that: (1) the Property is either burdensome to the estate; or (2) is of inconsequential value and benefit to the estate. *In re Sullivan & Lodge, Inc.*, 2003 WL 22037724 at *4 (N.D. Cal. 2003); *In re Viet Vu*, 245 B.R. at 647. However, an order

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 6

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Case 18-14820-CMA    Doc 94    Filed 09/13/19    Ent. 09/13/19 17:50:44    Pg. 6 of 10

compelling abandonment is "the exception, not the rule." Id. (Citing *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach & Tool Co*.), 816 F.2d 238, 245 (6th Cir. 1987). The only issue before the Court is whether the estate's interest in the property "should be preserved or, instead, whether the property is so worthless or burdensome to the estate that it should be removed therefrom". *In re K.C. Mach & Tool Co*, 816 F2d at 246.

The party seeking abandonment bears the burden of proof that the property is either burdensome or of inconsequential benefit and value and must prove that by a preponderance of the evidence. *In re Heil*, 41 B.R.112 (Bankr. N.D. Tex. 1992), *In re Alexander,* 289 B.R. 711 (8th Cir B.A.P. 2003).

The costs of sale that the Debtor included of her analysis of "equity" should not be considered pursuant to the 9th Circuit in the case of *In re Hyman*, 967 F.2d 1316, 1320 (9th Cir. 1992).

Even if all three of the Promissory Notes are valid, there is still equity in the property and as such it is not of inconsequential value or burdensome to the estate as evidence by the charts below.

| Using Debtor's value and all 3 promissory notes: | | Using R. Jones' value and all 3 promissory notes | |
|---|---|---|---|
| Gross Value: | 1,130,000.00 | Gross Value: | 1,200,000.00 |
| Less WA Fed'l Deed of Trust | 355,437.00 | Less WA Fed'l Deed of Trust | 355,437.00 |
| Less Yousef Deed of Trust | 473,332.00 | Less Yousef Deed of Trust | 473,332.00 |
| Net Proceeds | 301,231.00 | Net Proceeds | 371,231.00 |
| Estate's 50% share net proceeds | 150,615.50 | Estate's 50% share net proceeds | 185,615.50 |
| Less Debtor's homestead exemption | 125,000.00 | Less Debtor's homestead exemption | 125,000.00 |
| **Net Equity** | **25,615.50** | **Net Equity** | **60,615.50** |

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 7

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Case 18-14820-CMA    Doc 94    Filed 09/13/19    Ent. 09/13/19 17:50:44    Pg. 7 of 10

| Using Debtor's value excluding July 2019 promissory note | | Using R. Jones' value excluding July 2019 promissory note | |
|---|---|---|---|
| Gross Value: | 1,130,000.00 | Gross Value: | 1,200,000.00 |
| Less WA Fed'l Deed of Trust | 355,437.00 | Less WA Fed'l Deed of Trust | 355,437.00 |
| Less Yousef Deed of Trust | 446,666.00 | Less Yousef Deed of Trust | 446,666.00 |
| Net Proceeds | 327,897.00 | Net Proceeds | 397,897.00 |
| Estate's 50% share net proceeds | 163,948.50 | Estate's 50% share net proceeds | 198,948.50 |
| Less Debtor's homestead exemption | 125,000.00 | Less Debtor's homestead exemption | 125,000.00 |
| **Net Equity** | **38,948.50** | **Net Equity** | **73,948.50** |

Obviously, if the Trustee is successful in avoiding Ms. Yousef's Deed of Trust the amount of equity increases by at least $446,666 or $473,332.

The Debtor has not met her burden of proof and has not proven that the Residence is burdensome to the estate or of inconsequential benefit.

The validity of the second position deed of trust is in bona fide dispute.

The Trustee filed an Adversary Proceeding against Aziza and John Doe Yousef seeking to avoid her deed of trust as a fraudulent transfer. As such, the validity of the Deed of Trust is in dispute. The term "bona fide dispute" is most usually applied to involuntary cases or cases seeking to sell real property under section 363 of the Bankruptcy Code. The term "bona fide dispute" is not defined in the Bankruptcy Code, but case law is instructive. A trustee may sell estate property free and clear of a non-debtor's interest that is in "bona fide dispute." See *In re Gerwer*, 898 F2d 730, 733 (9th Cir. 1990). In ruling on a motion to sell estate property free and clear under 11 U.S.C. § 363(f)(4), "a court need not determine the probable outcome of the dispute, but merely whether one exists*." In re Octagon Roofing*, 123 BR 583, 590 (Bankr. N.D. Ill. 1991), citing *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987), which addressed the meaning of "bona fide dispute" under 11 U.S.C. § 303. The parties must provide some factual grounds to show some objective basis for the dispute. *Union Planters Bank, N.A. v. Burns (In re Gaylord Grain L.L.C.)*,

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 8

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Case 18-14820-CMA    Doc 94    Filed 09/13/19    Ent. 09/13/19 17:50:44    Pg. 8 of 10

306 BR 624, 627 (8th Cir. BAP 2004). And the disputed lien(s) need not be the subject of an immediate or concurrent adversary proceeding. Gaylord, at 627. "The Court need not decide the ultimate question of the validity of [the] lien here. It is enough for the purposes of § 363(f)(4) that the record shows the objective existence of a bona fide dispute." *In re Kellogg-Taxe*, 2014 Bankr. LEXIS 1033, *23 (C.D. Cal BK Ct. 2014) (emphasis in original).

In this case, the dispute is, in fact, subject to a concurrent adversary proceeding. And the validity of Ms. Yousef's deed of trust is subject to a bona fide dispute.

**One-half interest of Ann Al-Moslimany**

The Debtor argues that the Trustee will not be able to sell the house pursuant to Section 363 because of the one-half interest of Ann El-Moslimany. That issue is not before the Court and should play no part in its consideration of the Debtor's Motion to Abandon.

**Where is the money?**

If the Debtor's version of the facts is accurate, then she received almost $346,666 in 2016, $100,000.00 in 2017, and another $101,690.00 at some unknown point in time for $548,356.00 from Ms. Yousef in the three-year period prior to filing. This is exclusive of the other creditors listed on her schedules who are not commercial lenders, who are not Dr. Sindi, and who appear to be family members and friends making loans to the Debtor. This amount totals $850,000.00 (Schedule E/F # 4.1, 4.2, 4.3, 4.5, 4.7, 4.12. 4.15, 4.16, 4.17, 4.19, 4.20, 4.21, 4.22, 4.23, 4.24, 4.26, 4.27, 4.28, and 4.29) which would bring the total amount of funds the Debtor has received in the past few years to a staggering approximately $1,400,000.00. Where are those funds? Further, how were those funds dealt with since the Debtor's schedules indicate she has had no bank accounts since mid-2018, almost a year and a half prior to filing? Lastly, while the Debtor contends that the funds she borrowed from Ms. Yousef were used to pay her attorneys, her schedules list $28,000.00 owed to attorney Elena Garella, and $100,000.00 owed to Bonner Kiernan, her appellate counsel in the Massachusetts lawsuit.

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 9

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Case 18-14820-CMA    Doc 94    Filed 09/13/19    Ent. 09/13/19 17:50:44    Pg. 9 of 10

## Conclusion

The Trustee requests that this Court deny the Debtor's motion for abandonment because even if Ms. Yousef's deed of trust is valid there is still equity in the Residence and as such is not burdensome and certainly not of inconsequential benenfit to the estate. Abandonment is "the exception, not the rule" The Debtor's Motion should be denied.

Dated this 13th day of September, 2019.


                                        WOOD & JONES, P.S.

                                        _/s/ Denice E. Moewes_
                                        Denice E. Moewes, WSBA #19464
                                        Attorney for Chapter 7 Trustee
                                        Ronald G. Brown

TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO COMPEL ABANDONMENT
OF RESIDENCE
Page 10

**Wood & Jones, P.S.**
303 N. 67TH Street
Seattle, WA 98103
(206) 623-4382

Case 18-14820-CMA    Doc 94    Filed 09/13/19    Ent. 09/13/19 17:50:44    Pg. 10 of 10