Hon. Christopher M. Alston
Chapter 7
Hearing Date: September 20, 2019
Hearing Time: 9:30 a.m.
Hearing Site: 700 Stewart St., #7206
Seattle, WA 98101
Response Date: September 13, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>SAMIA EL-MOSLIMANY,<br><br>Debtor. | Chapter 7<br><br>No. 18-14820-CMA<br><br>CREDITOR HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN FILED BY SAMIA EL-MOSLIMANY |

COMES NOW plaintiff Hayat Sindi ("Creditor" or "Dr. Sindi"), by and through undersigned counsel, and hereby objects to the Motion to Avoid Judgment Lien ("Avoidance Motion") filed by Samia El-Moslimany ("Debtor"). Dr. Sindi also objects to the Debtor's companion motion seeking abandonment of the property, and to set aside the objections to exemption filed by the Trustee and Dr. Sindi (Dkt. Nos. 11, 18) for the reasons set forth in the Trustee's opposition.

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 1
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418.8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 1 of 12

## I. STATEMENT OF FACTS

Dr. Sindi sued Samia El-Moslimany ("Debtor") and Ann El-Moslimany in Massachusetts state court in 2013 (the "Massachusetts Lawsuit"). Dr. Sindi's complaint alleged defamation, intentional infliction of emotional distress, tortious interference with contract, and tortious interference with advantageous relations. Citing diversity of citizenship and the existence of a controversy in the requisite amount, Debtor and Ann El-Moslimany removed the case to the federal district court. The case went to trial on July 11, 2016.

On October 6, 2016, the district court entered an amended final judgment in favor of Dr. Sindi and against Debtor and Ann El-Moslimany. A true and correct copy of the Amended Final Judgment is attached as Exhibit A to the Declaration of Anthony S. Wisen ("Wisen Decl.") filed herewith. Debtor and Ann El-Moslimany appealed to the First Circuit Court of Appeals.

On November 15, 2016, Dr. Sindi filed a Motion for Certified Copy of Judgement in the Massachusetts Lawsuit, a true and correct copy of which is attached as Exhibit B to the Wisen Declaration. A chief purpose of the motion was to obtain a judgment lien in Debtor's residence in Burien, Washington. *See, e.g.,* ¶¶ 5-7.

On December 13, 2016, Judge Talwani entered an electronic order in the Massachusetts Lawsuit, allowing Dr. Sindi's Motion, and directing the Clerk to issue a certified copy of the Amended Final Judgment. Wisen Decl., Exh. C.

On January 3, 2017, Dr. Sindi registered the certified Amended Final Judgment in the Western District of Washington under Case No. 2:17-mc-0001. Then, on February 27, 2017,

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 2
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418-8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 2 of 12

Dr. Sindi recorded the Notice of Judgment Lien Against Homestead Property, along with an official copy of the Amended Final Judgment, in the King County Real Property Records under Assessor's Number 20170227001230 (together, the "2017 Judgment Lien"). Wisen Decl., Exh. F.

On February 10, 2017, the Debtor[1] filed a Motion to Stay Without Bond in the Massachusetts Lawsuit. Wisen Decl, Exh. D. However, the motion was denied. Wisen Decl., Exh. E.

After the First Circuit issued its ruling on July 11, 2018, the district court entered its Second Amended Final Judgment. A true and correct copy of the Second Amended Final Judgment is attached as Exhibit G to the Wisen Decl.

Plaintiff subsequently registered the Second Amended Final Judgment in King County Superior Court under Case No. 18-2-22410-1 KNT, and on September 25, 2018, recorded the resulting Foreign Judgment in the King County Real Property Records under Assessor's Number 20180925000965 (the "2018 Judgment Lien"). Wisen Decl., Exh. H.

On or about November 1, 2018, Dr. Sindi's counsel obtained a Litigation Guarantee from First American Title Insurance Company, which concerns the Debtor's property in Burien, Washington. Wisen Decl., Exh. I. The Litigation Guarantee identifies the 2017 Judgment Lien in Schedule B, as one of the "Defects, Liens, Encumbrances or other Matters Affecting Title." *Id.* at pgs. 4-5.

---

[1] Together with Ann-Moslimany, her mother and the co-defendant in the Massachusetts Lawsuit.

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 3
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418.8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 3 of 12

On December 20, 2018, Defendant filed the instant bankruptcy. The judgment in favor of Plaintiff is scheduled in the amount of $1,548,500.00. Dr. Sindi's Proof of Claim, filed in the amount of $1,550,298.45, is attached as Exhibit J to the Wisen Decl.

On March 26, 2019, Dr. Sindi filed a Complaint Objecting to Discharge, pending in this Court under Adversary Pro. No. 19-01034.

On September 12, 2019, the Trustee filed a Complaint to Avoid the Alyousef judgment lien, pending in this Court under Adversary Pro. No. 19-01116.

## II. LEGAL AUTHORITY AND ARGUMENT

As a threshold matter, it should be noted that Ms. El-Moslimany devotes a substantial portion of her motion and supporting declaration to making an irrelevant and gratuitous attack on Dr. Sindi. It is hardly surprising that Debtor has chosen to largely ignore the merits of the pending motion and instead has used her filing as an opportunity to personally attack Dr. Sindi through yet another set of false and fabricated claims. Dr. Sindi does not intend to respond in kind other than simply to deny Ms. El-Moslimany's baseless assertions. It ought not be lost on the Court that it is just these sort of false attacks which led a federal court jury (and the First Circuit Court of Appeals) to find that Debtor defamed Dr. Sindi with constitutional malice and awarded Dr. Sindi millions of dollars in damages. *Sindi v. El-Moslimany*, 896 F.3d 1, 15 (1st Cir. 2018) ("we conclude-without serious question-that the defamation verdicts pass constitutional muster ... the record reflects a grotesque number of false statements that hold Dr. Sindi up to public scorn and contempt ..."). To date, and despite the entry of a multi-million dollar final judgment against her, Debtor has not paid one penny to Dr. Sindi.

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 4
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418-8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 4 of 12

The Debtor's arguments fare no better on the merits.

For starters, the Avoidance Motion attempts an end-run around Dr. Sindi's pending Adversary Complaint, which seeks to avoid Debtor's discharge as to Dr. Sindi pursuant to 11 U.S.C. § 523(a)(6). If Dr. Sindi prevails in that action, she will obtain a judgment that would be a lien against Debtor's residence that is in the same position as the existing judgment lien(s). In the meantime, Dr. Sindi is justifiably concerned that Debtor will attempt to dispose of the property, free of Dr. Sindi's lien, leaving Dr. Sindi with nothing. The Debtor's motion might therefore be continued or dismissed without prejudice, pending the outcome of Dr. Sindi's discharge action.

Debtor's motion also ignores the allegations in Trustee's recently-filed adversary action against the purported second position lienholder, Aziza Alyousef. Debtor's threshold argument is that the lien should be avoided under Bankruptcy Code § 522(f). *See* Motion to Avoid Lien, pg. 4. But this argument depends on the validity of the Alyoussef Deed of Trust, which Debtor claims should be valued at $574,537. *Id*.

Section 522(f) allows "a debtor to wipe out the interest that a creditor has in particular property if the debtor's interest in that property would be exempt but for the existence of the creditor's lien or interest." 4 COLLIER ON BANKRUPTCY ¶ 522.11[1] (16th ed. 2016). Pursuant to § 522(f), a debtor "may avoid the fixing of a lien on an interest of the debtor in property ***to the extent that*** such lien impairs an exemption to which the debtor would have been entitled" but for the creditor's lien or interest. 11 U.S.C. § 522(f) (emphasis added).

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 5
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418-8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 5 of 12

The Trustee's recently-filed Adversary Complaint against Ms. Yousef makes it abundantly clear that the validity of the Alyoussef Deed of Trust is disputed. *See also* Dr. Sindi's Objection to Claims of Exemption (Dkt. No. 17). If the Trustee prevails in his efforts to avoid the Alyoussef Deed of Trust, there will be substantial equity available after considering Washington Federal's mortgage lien and Debtor's alleged (homestead) exemptions. For purposes of the instant motion, Dr. Sindi disputes the value of the property, and adopts the valuation presented by the Trustee at Dkt. No. 75. Accordingly, the factual record shows that the Court cannot determine valuation at this time, and it would be putting the cart ahead of the horse to consider whether the entirety of Dr. Sindi's judgment lien might be avoided under § 522(f).

The balance of Debtor's Avoidance Motion, specifically the portion that seeks relief by operation of § 522(h) and § 547, is procedurally improper because Debtor must seek the requested relief, if at all, in an adversary action.[2] *See, e.g.,* Bankruptcy Rule 7001(2) (Adversary proceedings include … a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d)."). *See also* 4 COLLIER ON BANKRUPTCY ¶ 522.11[1]. ("[U]nlike other lien avoiding power actions, which are brought as adversary proceedings pursuant to Rule 7001, a proceeding to avoid a lien under section 522(f) is brought as a motion subject to Rule 9014 governing contested matters.").

---

[2] Moreover, § 522(h), read in conjunction with § 522 (g), (i), and (j), provides that the Debtor may only avoid the portion of the alleged preferential transfer that impairs an exemption.

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 6
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418.8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 6 of 12

But more importantly, the Debtor's legal arguments are simply wrong. For starters, Debtor's assertion that the 2017 Judgment Lien is invalid because "all collection action was stayed"[3] during the appeal of the Massachusetts Lawsuit is factually and legally false. As seen by the pleadings attached to the Wisen Declaration, Debtor moved to stay the enforcement of the judgment entered in the Massachusetts Lawsuit – without bond – ***but that motion was denied***. *See* Wisen Decl., Exh. D (requesting entry of an Order "staying any efforts … to explore any alleged entitlement to explore any alleged entitlement to enforce such Judgment while this matter is pending before the Court of Appeals for the First Circuit); Exh. E (Order denying motion). Accordingly, there was no bar to Dr. Sindi's enforcement efforts during the pendency of the appeal.

Dr. Sindi also properly obtained the certified judgment that became the 2017 Judgment Lien under 28 U.S.C. § 1963. As seen above, on November 15, 2016, Dr. Sindi filed her Motion for Certified Copy of Judgment, in which she explained that no payments had been made under the judgment (¶ 4), that no supersedeas bond had been posted in support of a stay under Rule 62(d) (¶ 5), and that Debtor owned a residence in Burien, Washington (¶ 7). Wisen Decl., Exh. B. The Court, finding good cause shown, directed the clerk to issue a certified copy of the Amended Final Judgment. Wisen Decl., Exhs. C, E.

On January 3, 2017, the certified copy of the Amended Final Judgment was registered in the Western District of Washington under Case No. 2:17-mc-0001, and recorded (along with

---

[3] Motion to Avoid Lien, pg. 4.

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 7
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418.8720 · tony@wisenlaw.com

the Notice of Judgment Lien) in the King County Real Property Records under Assessor's Number 20170227001230, becoming the 2017 Judgment Lien. *See* Wisen Decl., Exh. F.

Having no basis to maintain a challenge to Dr. Sindi's underlying judgment(s), the Debtor closes with three technical arguments concerning the recording of the 2017 Judgment Lien. Motion to Avoid, pg. 5.

Debtor first observes that the 2017 Judgment Lien "contained an inaccurate parcel number ... [and] did not contain a legal description." *Id.* From this, she concludes that the 2017 Judgement Lien is defective because "[t]here was no way to tie the judgment to this particular parcel of land." Motion to Avoid Lien, pg. 5. However, the assertion that there was "no way" to tie the judgment to the particular property is factually wrong: As seen by the Litigation Guaranty obtained by Dr. Sindi in preparation for her anticipated judicial lien foreclosure, First American had no problem "tying" the Notice of Judgment Lien to the subject property. *See* Wisen Decl., Exh. I. Debtor also points to no legal requirement – and Dr. Sindi's counsel is not aware of any – that would require a recorded judgment to contain either a parcel number *or* a real property description. Indeed, as a practical matter, a judgment creditor often does not know what real property is owned by the judgment debtor at the time that judgment is entered; but that does not make the judgment any less of a judgment lien if recorded in the applicable jurisdiction.

Debtor's second argument, that the 2017 Judgment Lien recording is improper because it was not "docketed" in Superior Court also has no force. Debtor relies on a 2001 case from Georgia for the proposition that Dr. Sindi's 2017 Judgment Lien – despite being specifically

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 8
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418.8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 8 of 12

authorized by the Massachusetts Court – is somehow defective as a matter of Washington state recoding law. *Cf. Ford Consumer Fin. Co. v. McDonnel* (*In re McDonnell)*, 204 B.R. 976, *5-7 (B.A.P. 9th Cir. 1996) (recording a certified copy of a federal judgment held to create a judgment lien under California law even where judgement lienor did not follow California's procedure for abstracting a judgment).

Notably absent, however, is any explanation of the relevant Washington statutes, or citation to relevant Washington caselaw. While it is difficult to tell, it appears that Debtor's argument hinges on the unremarkable fact that Dr. Sindi followed different registration procedures when she created the 2017 Judgment Lien and the 2018 Judgment Lien. In 2017, Dr. Sindi chose to register, or "docket," the First Amended Judgment in the U.S. District Court for the Western District of Washington, and then record it in King County. Wisen Decl., Exh. F. However, in 2018, Dr. Sindi followed the Uniform Enforcement of Foreign Judgments Act ("Washington UEFJA"), which resulted in registration in state court. *See* Wisen Decl., Exh. H.[4]

The fact that Dr. Sindi elected not to utilize the Washington UEFJA in connection with the 2017 Judgment Lien is of no moment, as the statute expressly provides that it is an "optional procedure." *See* RCW 6.36.160 ("The right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under this chapter remains unimpaired."). Moreover, RCW 4.56.200(1) expressly provides that a judgment lien commences on a debtor's

---

[4] This was done for the unremarkable reason that Dr. Sindi's counsel preferred to enforce the Second Amended Judgment using state court procedures.

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 9
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418.8720 · tony@wisenlaw.com

real estate as follows: "[j]udgments of the district court of the United States rendered or filed in the county in which the real estate of the judgment debtor is situated, from the time of the entry or filing thereof." Here, Dr. Sindi obtained *both* a judgment "rendered" by the district court of the United States (in both Massachusetts and Washington!) *and* recorded it in King County. *See also Woodley v. Meyers Capital Corp.*, 67 Wn. App. 328, 337-38 n.7 (1992).

Debtor also ignores RCW 6.13.090, which provides that "[a] judgment against the owner of a homestead shall become a lien on the value of the homestead property in excess of the homestead exemption from the time the judgment creditor records the judgment with the recording officer of the county where the property is located." Dr. Sindi's 2017 Judgment Lien complied with this statute as well, and served to preserve Dr. Sindi's lien interest in the Debtor's property in excess of the homestead exemption. *See In re Deal*, 85 Wn. App. 580, 583 (1997) (holding that judgment creditor was not required to go through two-step process, and was adjudged to have a valid lien even though they did not file a judgment abstract pursuant to RCW 4.56.200).

The Debtor's third and final argument is not actually a challenge to the 2017 Notice of Judgment Lien. Rather, it states – in the most conclusory manner possible – a preference challenge to Dr. Sindi's 2018 Judgment Lien recording. This again, is not an issue that is susceptible of resolution on a § 522 motion brought by the Debtor, and appears to be a patent attempt to both usurp the authority of the Trustee, while also depriving Dr. Sindi of the right to bring defenses to the alleged preference.

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 10
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418.8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 10 of 12

### III. CONCLUSION

For the forgoing reasons, and for those stated in the Trustee's response, the Debtor's motions should be denied.

DATED this 13th day of September, 2019.

        Law Offices of Anthony S. Wisen, PLLC
        Attorneys for Hayat Sindi

        By   */s/ Anthony S. Wisen*
             Anthony S. Wisen, WSBA #39656
             1752 NW Market St., #709
             Seattle, WA 98107
             Tel: (206) 418-8720
             Email: tony@wisenlaw.com

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 11
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418-8720 · tony@wisenlaw.com

Case 18-14820-CMA     Doc 95     Filed 09/13/19     Ent. 09/13/19 17:58:10     Pg. 11 of 12

# DECLARATION OF SERVICE

I hereby certify that on September 13, 2019, I electronically filed the foregoing, along with the supporting Declaration of Anthony S. Wisen, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

By s/ *Anthony Wisen*
Anthony S. Wisen

HAYAT SINDI'S OBJECTION TO MOTION TO AVOID JUDGMENT LIEN - 12
(No. 18-14820-TWD)

Law Offices of Anthony S. Wisen, PLLC
1752 NW Market St., # 709
Seattle, WA 98107
206.418-8720 · tony@wisenlaw.com

Case 18-14820-CMA    Doc 95    Filed 09/13/19    Ent. 09/13/19 17:58:10    Pg. 12 of 12