# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAYAT SINDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-cv-10798-IT |
| ) | |
| SAMIA EL-MOSLIMANY and ) | |
| ANN EL-MOSLIMANY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF HAYAT SINDI'S MOTION FOR**
**CERTIFIED COPY OF JUDGMENT**

Comes now the Plaintiff, Hayat Sindi ("Dr. Sindi"), and requests that this Court issue a certified copy of the final judgment issued in this case, pursuant to 28 U.S. Code § 1963 and for good cause shown. In support of this motion, Dr. Sindi states as follows:

1. The final judgment in this matter was entered on October 6, 2016 ("the Judgment"). *See* Amended Final Judgment, ECF No. 223.

2. On November 4, 2016, Defendants Samia El-Moslimany and Ann El-Moslimany filed a Notice of Appeal, indicating their intent to appeal all aspects of the Judgment in this matter. *See* ECF No. 224.

3. On November 14, 2016, Defendants' trial counsel, Morrison and Mahoney, LLP, filed a Motion for Leave to Withdraw, stating that it will not be representing Defendants in any appeal. *See* ECF No. 227. No successor counsel has entered an appearance.

1

4. Defendants have not satisfied the Judgment in this matter, and have made no payments in accordance therewith, either to Dr. Sindi, or to the Court pursuant to Local Rule 58.2.

5. Defendants have not requested a stay of proceedings to enforce judgment pursuant to Rule 62 of the Federal Rules of Civil Procedure. Specifically, Defendants did not post a *supersedeas* bond in support of a request of a stay, as required by Rule 62(d) of the Federal Rules of Civil Procedure.

6. Therefore, Dr. Sindi intends to take all legal action available to her to enforce the Judgment.

7. It is clear from the record of this case that Defendants do not maintain a residence in Massachusetts. *See* Trial Testimony, S. El-Moslimany, A. El-Moslimany. Together, Defendants own a home in Burien, Washington, where they both live. *Id.*

8. While Dr. Sindi currently does not have information concerning Defendants' liquid assets, it is assumed that any such assets are located in Washington State. On November 10, 2016, pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure, Dr. Sindi served post-judgment discovery on both Defendants seeking information concerning their assets. Given the fact that Defendants do not reside in Massachusetts, it is highly unlikely that they maintain assets in Massachusetts.

9. One factor relevant to a finding of good cause for registration of a judgment in another jurisdiction is whether the defendant has assets in the district in which judgment was entered. *See 3M Company v. Mohan*, No. 09-CV-1413(ADM/FLN), 2011 WL 2441213, * 1 (D. Minn. June 17, 2011) (citing *Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128

F.R.D. 63 (D.N.J. 1989).  Courts have held that "the mere existence of assets in the foreign district is relevant to finding good cause for permitting registration of the judgments."  *Id*.

10. In determining the existence of good cause, courts have further considered whether the non-prevailing party has requested a stay pending appeal and posted a *supersedeas* bond pursuant to Fed. R. Civ. P. 62(d).  *See Johns v. Rozet*, 143 F.R.D. 11, 12-13 (D.D.C. 1992).

11. Dr. Sindi further notes that Defendants should not be permitted to benefit from the fact that their assets are located outside of Massachusetts.  Absent the present circumstance where Defendants' assets are located outside the jurisdiction where Judgment has entered, Dr. Sindi would be entitled to request a Writ of Execution addressed to the United States Marshal for the District of Massachusetts, pursuant to the Rules, regardless of whether an appeal was pending.  *See* Fed. R. Civ. P. 69(a)(1).  In fact, 28 U.S.C. § 1963 was amended in 1988 to include the "good cause shown" provision in order to rectify this very contradiction.  *See, e.g*., Cristina M. Rincon, *The Early Bird Waits for the Work: May Federal Judgments Be Registered Prior to Appeal?*, 82 Fordham L. Rev. 1091, 1094 (2013) (available at: http://ir.lawnet.fordham.edu/flr/vol82/iss2/22) .

12. In light of the above, Dr. Sindi has shown good cause for this Court to enter a certified judgment pursuant to 28 U.S.C. § 1963.

WHEREFORE, Dr. Sindi respectfully requests that this Court provide a Certified Copy of the Amended Final Judgment entered in this matter on October 6, 2016 (ECF No. 223) to effectuate enforcement of that Judgment.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>HAYAT SINDI<br><br>By her attorneys,<br><br>/s/ Suzanne Elovecky<br>David H. Rich (BBO # 634275)<br>drich@toddweld.com<br>Suzanne Elovecky (BBO # 670047)<br>selovecky@toddweld.com<br>TODD & WELD LLP<br>One Federal Street, 27th Floor<br>Boston, MA 02110 |
| Dated: November 15, 2016 | 617-720-2626 |

**CERTIFICATE OF CONSULTATION**

I, certify that I conferred with defendants' counsel in good faith to resolve or narrow the areas of disagreement on the issues presented by this motion to the greatest possible extent.

|  | /s/ Suzanne Elovecky |
|---|---|
| Dated: November 15, 2016 | Suzanne Elovecky |

**CERTIFICATE OF SERVICE**

I, Suzanne Elovecky, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

|  | /s/ Suzanne Elovecky |
|---|---|
|  | Suzanne Elovecky |
| Dated: November 15, 2016 |  |