# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| HAYAT SINDI, | : | CIVIL ACTION NO. 13-cv-10798-IT |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SAMIA EL-MOSLIMANY and | : | |
| ANN EL-MOSLIMANY, | : | |
| | : | |
| Defendants. | : | FEBRUARY 10, 2017 |

**MOTION TO STAY WITHOUT BOND**[1]

Pursuant to Rule 62(f) of the Federal Rules of Appellate Procedure, the Defendants move to stay this matter – without bond – pending the outcome of the underlying appeal. The Defendants maintain they are entitled to such a stay, which would, *inter alia*, prevent the Plaintiff from conducting post-judgment discovery until the resolution of the now-pending appeal.

Given the Plaintiff's previous representations to this Court and the Defendants concerning her intentions to register the underlying judgment in the Defendants' home state of Washington, and the subsequent reliance by the Court and Defendants thereon, the Plaintiff is now estopped from requiring the Defendants to post a bond to stay this matter pending appeal. Accordingly, the Defendants ask this Court to enter an Order, pursuant to Rule 62(f) of the Federal Rules of Appellate Procedure, staying any efforts by the Plaintiff to explore any alleged entitlement to enforce such Judgment while this matter is pending before the Court of Appeals for the First Circuit.

---

[1] On this date, the Defendants are filing an Objection to Plaintiff's Motion To Compel Responses to Post-Judgment Discovery Requests, which they incorporate herein.

**Background**

On November 15, 2016, the Plaintiff filed a Motion for Certified Copy of Judgment with this Court. (Docket No. 228.) In that Motion, the Plaintiff represented that she intended "to take all legal action available to her to enforce the Judgment." (*Id.* at ¶ 6.) Further, the Plaintiff referred to trial testimony by the Defendants that they do no maintain a residence in Massachusetts; rather, they own a home together in Burien, Washington, which is their residence. (*Id.* at ¶ 7.) In her Motion, the Plaintiff referred expressly to registering the Judgment in Washington. (*See id.* at ¶ 8.)

Based on the Plaintiff's representation that she was going to take the copy of the Certified Judgment, which she was requesting, and register it in their home state of Washington, the Defendants took no action in response to the Plaintiff's Motion. Subsequently, this Court granted the Plaintiff's Motion as unopposed, and issued a Certified Copy of the Judgment.

**I.   Given her prior representations, the Plaintiff is judicially estopped from contesting the Defendants' efforts to seek a stay of these proceedings, pending the outcome of the appeal, without the requirement of a bond.**

The doctrine of judicial estoppel provides that, where a party takes one position during a legal proceeding, and succeeds with regard to that position, she may not "thereafter, simply because [her] interests have changed, assume a contrary position, especially if it be to the prejudice to the part who has acquiesced in the position" she formerly took. *In re Nexium (Esomeprazole) Antitrust Litig.*, 309 F.R.D. 107, 129 (D. Mass. 2015) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotation marks omitted)). This doctrine "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id.* The purpose of this equitable doctrine "is to protect the

2

integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. at 749-50).

In analyzing a claim of judicial estoppel, courts consider whether: (1) the party's later position is inconsistent with its earlier position; (2) the party succeeded in persuading the court to accept that party's earlier position, the court's "acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled"; and (3) the party seeking to assert an inconsistent position would realize an "unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. at 750-51).

Here, all of the elements necessary to justify the imposition of judicial estoppel are present. First, the Plaintiff's failure or refusal to register the Judgment is inconsistent with her earlier representation that she would do so. Second, the Plaintiff succeeded in persuading this Court (and the Defendants) to accept her representation, as the Court issued the Certified Judgment. Third, the Plaintiff's reference, in her Motion To Compel, to the Defendants' failure to post a bond or other form of security; (Mot. at ¶ 8.); is evidence of the unfair advantage the Plaintiff would gain, and unfair detriment the Defendants would suffer, respectively, if the Plaintiff is not estopped.

**II.** **Insofar as the Plaintiff could procure a lien on the home of the Defendants by minor ministerial act, such a minor burden should not preclude a stay under Rule 62(f).**

Additionally, the Plaintiff's affirmative, and tactical, decision not to convert the Judgment into a lien should not allow her to strong-arm the Defendants into having to post an appellate bond to obtain a stay. Indeed, the First Circuit has explained its view that, "where a lien can be procured by minor ministerial acts, this minor burden on the

judgment-creditor should not preclude a stay under Rule 62(f)." *Rodriguez-Vazquez v. Lopez-Martinez*, 345 F.3d 13, 14 (1st Cir. 2003).[2] In *Rodriguez-Vazquez*, the plaintiffs-appellees made the unrefuted assertion that they could not procure a lien without paying "a very large fee" to register the underlying judgment. *Id.* That is not the case here.

The Defendants' home is located in King County, Washington. It is ministerial and inexpensive to file a foreign judgment in King County, costing only $240,[3] which is a relatively nominal amount, and a fraction of the Judgment the Plaintiff seeks to enforce. (*See* King County Fee Schedule (attached hereto as **Exhibit A**).) Furthermore, insofar as, upon filing such a judgment, the creditor can procure a lien on the Defendants' real property at minimal expense through a minor ministerial act, a stay under Rule 62(f) is warranted. *See Rodriguez-Vazquez*, 345 F.3d at 14.

## Conclusion

Wherefore, for the foregoing reasons, the Defendants ask this Court to enter a stay, without the requirement that the Defendants post a bond, while the case is pending before the Court of Appeals for the First Circuit.

---

[2] Pursuant to Rule 62(f) of the Federal Rules of Appellate Procedure, a judgment debtor has the right to a stay of execution "if a judgment is a lien on the judgment debtor's property under the law of the state where the court is located." Massachusetts law, which governs this situation, insofar as this Court is located in Massachusetts, provides that, "the taking of an appeal from a judgment shall stay execution upon the judgment during the pendency of the appeal." Mass. R. Civ. P. 62(d). Rule 62(d) of the Civil Rules of Procedure does not require the posting of a bond.

[3] King County, Superior Court & Clerk's Office Fee Information, http://www.kingcounty.gov/courts/clerk/fees.aspx (last visited Feb. 10, 2017).

Respectfully submitted by,

DEFENDANTS,
SAMIA EL-MOSLIMANY and
ANN EL-MOSLIMANY


            s/ John A. Kiernan
John A. Kiernan (BBO #271020)
jkiernan@bonnerkiernan.com
Robert E. Koosa (BBO #671361)
rkoosa@bonnerkiernan.com
Bonner Kiernan Trebach & Crociata, LLP
200 Portland Street
Boston, MA 02114
Tel: (617) 426-0100

## **CERTIFICATION**

I hereby certify that, on this date, a copy of foregoing **Motion To Stay Without Bond** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

            /s/ John A. Kiernan

5

# EXHIBIT A

# King County Superior Court and Clerk's Fee Schedule

| Schedule effective July 24, 2015 Fees must be paid in advance (RCW 36.18.060) | | |
|---|---|---|
| **Fee** | **Description** | **Reference** |
| **Appeal Fees** | | |
| $240.00 | Appeal from Administrative Hearing Decision | RCW 36.18.020(2,5) |
| $230.00 | Civil Appeal from Lower Court | RCW 36.18.020(2,5) |
| $200.00 | Criminal Appeal from Lower Court (Imposed when Affirmed or Dismissed) | RCW 36.18.020(2)(h) |
| $290.00 | Notice of Appeal to Appellate Court (Make check payable to King County Clerk) | RCW 2.32.070 RCW 36.18.018(2,4) |
| $0.50 | Clerk's Papers, per page | RAP 9.7(a) RCW 36.18.016(21) |
| Actual cost | Transmittal of Record and Exhibits | RAP 9.8 RAP 15.4 |
| **Civil Fees** | | |
| $53.00 | Antiharassment Action | RCW 36.18.020(2)(d) |
| $20.00 | Change of Venue Transfer Fee (Copy fees, if applicable, are in addition) | RCW 36.18.016(19) |
| $240.00 | Change of Venue, Civil (Make check payable to the Clerk of the County to which the case is transferred) | RCW 4.12.090-100 RCW 36.18.016(16) |
| $260.00 | Change of Venue, Domestic (Make check payable to the Clerk of the County to which the case is transferred) | RCW 36.18.020(2,5) RCW 36.18.016(16) |
| $20.00 | Citations (Original and one conformed copy) | KCC 4A.630.040 |
| $240.00 | Civil Action | RCW 36.18.020(2,5) |
| $240.00 | Civil Counterclaim, Cross-Claim or Third-Party Claim | RCW 36.18.020(2,5) |
| $260.00 | Counter Petition in a Domestic Relations Action | RCW 36.18.016(16) |
| $260.00 | Custody of Child - Non-Parental | RCW 36.18.020(2,5) RCW 36.18.016(16) |
| $314.00 | Dissolution of Marriage | RCW 36.18.020(2,5) RCW 36.18.016(2)(b) RCW 36.18.016(16) |
| $50.00 | Emancipation of a Minor | RCW 36.18.014 RCW 13.64.020 |
| $200.00 | Extension of Judgment | RCW 36.18.016(15) |
| $240.00 | Foreign Judgment, Civil | RCW 36.18.020(2,5) |

2016/08/29

1

# King County Superior Court and Clerk's Fee Schedule

| Fee | Description | Reference |
|---|---|---|
|  | Schedule effective July 24, 2015<br>Fees must be paid in advance (RCW 36.18.060) | |
| $260.00 | Foreign, Judgment, Domestic | RCW 36.18.016(16) |
| $35.00 | Frivolous Claim of Lien | RCW 36.18.012(9)<br>RCW 60.70.060 |
| $240.00 | Judicial Review | RCW 34.05.514<br>RCW 36.18.020(2,5) |
| $250.00 | Jury Demand - 12 Jurors | RCW 36.18.016(3) |
| $125.00 | Jury Demand - 6 Jurors | RCW 36.18.016(3) |
| $314.00 | Legal Separation / Invalidity | RCW 36.18.020(2,5)<br>RCW 36.18.016(2)(b)<br>RCW 36.18.016(16) |
| $220.00 | Mandatory Arbitration Fee (in addition to filing fee) | RCW 36.18.016(25)<br>KCC 4A.630.070 |
| $56.00 | Modification of King County Decree; or, Counterclaim, Cross-Claim or Third-Party Claim | RCW 36.18.016(2)<br>RCW 36.18.016(16) |
| $260.00 | Modification of Decree other than King County | RCW 36.18.020(2,4)<br>RCW 36.18.016(16) |
| $20.00 | Petition to Strike Restrictive Covenants | RCW 49.60.227<br>RCW 36.18.012(6) |
| $20.00 | Registration of Land (Torrens Act) | RCW 65.12.780<br>RCW 36.18.016(14) |
| $20.00 | Subpoena (Original and one conformed copy) | KCC 4A.630.040 |
| $250.00 | Request for Trial De Novo | RCW 36.18.016(26) |
| $20.00 | Tax Warrant | RCW 36.18.012(10) |
| $20.00 | Transcript from District Court, Abstract of Judgment, or Verdict from any Superior or Federal Court in the State of Washington | RCW 36.18.012(2) |
| $56.00 | Modification of King County Decree; or Counterclaim, Cross-Claim or Third-Party Claim | RCW 26.19.480<br>RCW 36.18.016(2)<br>RCW 36.18.016(16) |
| $260.00 | Uniform Parentage Act filings | RCW 36.18.020(2,5)<br>RCW 36.18.016(16) |
| | *Residential Unlawful Detainer:* | |
| $85.00 | Default | RCW 36.18.012(4)<br>RCW 36.18.020(2,5) |
| $157.00 | Counterclaim, Cross-Claim or Third-Party Claim | RCW 36.18.012(4)<br>RCW 36.18.020(2,5) |

2016/08/29

# King County Superior Court and Clerk's Fee Schedule

| Fee | Description | Reference |
|---|---|---|
|  | Schedule effective July 24, 2015<br>Fees must be paid in advance (RCW 36.18.060) | |
| $112.00 | Additional Fee Required *by Plaintiff* for an Order to Show Cause and/or if Answer is Filed | RCW 36.18.012(4)<br>RCW 36.18.020(2,5) |
| $240.00 | Non-Residential Unlawful Detainer | RCW 36.18.020(2,5) |
| $260.00 | Wage Assignment for Paternity and Child Support Enforcement | RCW 36.18.020(2,5)<br>RCW 36.18.016(16) |
| $20.00 | Warrant (Original and one conformed copy) | KCC 4A.630.040 |
| $25.00 | Water Rights Filing Fee | RCW 36.18.016(17)<br>RCW 90.030.180 |
| $20.00 | Writ (Original and one conformed copy) | KCC 4A.630.040 |
| $20.00 | Any Writ issued by the Clerk to include Order of Sale on Judicial Foreclosure | RCW 36.18.016(6)<br>RCW 36.18.050 |
|  | **Criminal Fees (Imposed upon conviction of guilty plea)** | |
| $200.00 | Filing fee | RCW 10.01.160<br>RCW 10.01.170 |
| | *Crime Victim Penalty Assessment:* | |
| $500.00 | Felony or Cross Misdemeanor | RCW 7.68.035(1)(a) |
| $250.00 | Misdemeanor | RCW 7.68.035(1)(a) |
| $100.00 | LFO Collection Fee | RCW 36.18.016(29) |
| Variable | Other costs as imposed by the Court | RCW 10.01.160<br>RCW 10.01.170 |
|  | **Juvenile Fees (Imposed upon conviction or guilty plea)** | |
| | *Crime Victim Penalty Assessment:* | |
| $100.00 | Felony or Gross Misdemeanor | RCW 7.68.035(1)(b) |
| $75.00 | Misdemeanor | RCW 7.68.035(1)(b) |
|  | **Probate / Guardianship / Adoption Fees** | |
| $260.00 | Adoption Filing | RCW 36.18.020(2,5)<br>RCW 36.18.016(16) |
| $240.00 | Guardianship Filing (There is no fee on cases with assets less than $3,000 when a Court Order so states) | RCW 36.18.020(2,5)<br>RCW 11.88.030(3) |
| $5.00 | Letters of Administration, Testamentary, or Guardianship; Form K | RCW 36.18.016(9) |
| $240.00 | Notice to Creditors (Non-Probate) | RCW 36.18.020(2,5) |
| $240.00 | Petition Admitting Rejected Will, or Contesting Will, or Objecting to a Written Agreement or Memorandum | RCW 36.18.020(2,5) |
| $240.00 | Probate Filing | RCW 36.18.020(2,5) |

2016/08/29

3

# King County Superior Court and Clerk's Fee Schedule

| Fee | Description | Reference |
|---|---|---|
|  | Schedule effective July 24, 2015<br>Fees must be paid in advance (RCW 36.18.060) | |
| $240.00 | Counterclaim, Cross-Claim or Third-Party Claim | RCW 36.18.020(2,5) |
| $240.00 | Counter Petition, Cross-Claim or Third-Party Claim | RCW 36.18.020(2,5) |
| $240.00 | Registration of Trust | RCW 36.18.020(2,5) |
| $20.00 | Certification of Trust | KCC 4A.630.040 |
| $20.00 | TEDRA Non-Judicial Binding Agreement, in an existing case | RCW 36.18.012(8) |
| $240.00 | TEDRA Non-Judicial Binding Agreement, filed as a new case | RCW 36.18.020(2,5) |
| $240.00 | TEDRA Summons and Petition | RCW 36.18.020(2,5) |
| $20.00 | Will Filing only - No Probate of Decedent's Estate | RCW 36.18.012(7) |
| $20.00 | Will Repository | RCW 36.18.016(28) |
| **Trust Account Service Fees** | | |
| | *Settlements, Tender, Bonds, Garnishments, Judgments, Interpleader:* | |
| $10.00 | On each payment of $25.01 and over | KCC 4A.630.120(B)(2) |
| | *Exceptions to Trust Account Service Fees:* | |
| | A payment of $25.00 or less | |
| | Fee waived by the Clerk on the basis of a Hardship Affidavit on file | Applications are available at the Clerk's Financial Services counters |
| | Fee waived by the Court | Requires a Court Order |
| **Miscellaneous Fees** | | |
| | *Abstract of Judgment (prepared by the clerk):* | |
| $5.00 | For the first page of each document | RCW 36.18.016(4) |
| $1.00 | For each additional page | RCW 36.18.016(4) |
| $0.50 | Copies prepared by staff, per page (non-certified) | RCW 36.18.016(4) |
| $2.00 | Administering an Oath - Per Seal on document requiring signature by the Clerk | RCW 36.18.016(5) |
| | *Authenticated or Exemplified Copies:* | |
| $9.00 | For the first page of each document | RCW 36.18.016(4) |
| $1.00 | For each additional page | RCW 36.18.016(4) |
| $5.00 | If Exemplified Copy of Money Judgment (includes Abstract of Judgment) | RCW 36.18.016(4) |

2016/08/29

4

# King County Superior Court and Clerk's Fee Schedule

| Fee | Description | Reference |
|---|---|---|
| | Schedule effective July 24, 2015<br>Fees must be paid in advance (RCW 36.18.060) | |
| $2.00 | Conformed Copies with State Seal | RCW 36.18.016(4) |
| | *Certified Copies:* | |
| $5.00 | For the first page of each document | RCW 36.18.016(4) |
| $1.00 | For each additional page | RCW 36.18.016(4) |
| $20.00 | Supplemental Proceedings (filing motion / order to appear or note for hearing) | RCW 36.18.016(7) |
| $30.00 | Ex Parte Orders (For a single submission of 1 - 5 Orders per case) | RCW 36.18.016(12) |
| $30.00 | Expedited Service Fee, in addition to the regular service fee | KCC 4A.630.170 |
| $15.00 | Extra Handling / Faulty Document Fee for each incomplete or incorrect document | KCC 4A.630.060 |
| $0.50 | Forms, per page | RCW 36.18.016(4) |
| 5% of earned interest | Investment Service Fee: Court ordered investment of Trust Funds of $2,000 or more | RCW 36.48.090 |
| $50.00 | Non-Compliance | KCC 4A.630.020 |
| $20.00 | Non-Judicial Filing (Filing any paper not related to or part of any proceeding) | RCW 36.18.012(3) |
| $35.00 | Dishonored Payment Service Charge, per item | KCC 4A.600.100 |
| $4.00 | Program Report Fee, per page | RCW 36.18.016(11) |
| $30.00 | Search Records, per hour (one hour minimum) | RCW 36.18.016(11) |
| $0.25 | Self-Service Microfilm Copies or ECR Image Duplications, per page | RCW 36.18.016(4) |
| $20.00 | Additional charge for copies made on Compact Disk (CD) | RCW 36.18.016(4) |
| $0.15 | Self-Service Photocopies, per page | KCC 4A.630.110 |
| $25.00 | Video - Copy (For copy of previously recorded courtroom proceedings) | RCW 36.18.016(13) |
| | *Audio Recording Copy:* | |
| $10.00 | Cassette Tape | RCW 36.18.016(13) |
| $25.00 | Compact Disk | RCW 36.18.016(13) |
| $7.00 | Handling Fee (For mailing items when a self-addressed stamped envelope (SASE) is not provided) | KCC 4A.630.180 |

2016/08/29

5

# King County Superior Court and Clerk's Fee Schedule

| Schedule effective July 24, 2015 Fees must be paid in advance (RCW 36.18.060) | | |
|---|---|---|
| Fee | Description | Reference |
| $3.00 | Postage (For mailing when SASE is not provided) | KCC 4A.630.180 |
| $20.00 | Electronic Working Copies | KCC 4A.630.190 |
| $5.00 | Daily New Case Report | KCC 4A.630.200 |
| $5.00 | Daily Judgments Audit Report | KCC 4A.630.200 |
| $200.00 | Continuing Legal Education Program | KCC 4A.630.050 |

2016/08/29

6