# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HAYAT SINDI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-10798-IT |
| | * | |
| SAMIA EL-MOSLIMANY and ANN | * | |
| EL-MOSLIMANY, | * | |
| | * | |
| Defendants. | * | |

ORDER

February 28, 2017

TALWANI, D.J.

Before the court are Plaintiff's Motion to Compel [#249] and Defendants' Motion to Stay Without Bond [#255].

On October 6, 2016, the court entered an Amended Final Judgment in this matter awarding Plaintiff Hayat Sindi compensatory and special damages, including pre- and post-judgment interest. [#223]. Pursuant to Plaintiff's unopposed motion [#228] and for good cause shown, the court directed the clerk to issue a certified copy of this judgment. [#233].

In order to recover her judgment, Plaintiff has sought post-judgment discovery pertaining to Defendants' assets [#249-1 & #249-2]. Having received no response from Defendants, Plaintiff seeks an order compelling Defendant Samia El-Moslimany to answer the interrogatories and produce the requested documents [#249].[1] Defendants have opposed [#254] and have independently sought an order from this court staying, without bond, this matter, including not

---

[1] Plaintiff states that she does not seek to compel responses from Defendant Ann El-Moslimany at this time in deference to her health issues.

only the judgment but also post-judgment discovery pending appeal [#255]. Defendants proffer an identical argument in their opposition and motion: that, because Plaintiff allegedly evinced her intent to convert her judgment into a lien on Defendants' Washington property, she is both bound by that intention and precluded from any other means of securing her judgment pending appeal. This argument is meritless.

Rule 62 provides a variety of scenarios in which a stay of execution or any post-judgment enforcement proceedings is necessary or appropriate. None are germane here.[2] Specifically, Defendants rely on Rule 62(f), which states that when "a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Defendants provide no authority for the conclusion that the judgment here, entitling Plaintiff to monetary damages, is "a lien on the judgment debtor's property" under Massachusetts law. And while the First Circuit made passing reference concerning Rule 62(f)'s applicability when liens are easily obtained via facile ministerial acts, that dicta was followed with some support for the notion that Rule 62(f) cannot allow a stay when the lien would fail to satisfy the entire judgment, see Rodriguez-Vazquez v. Lopez-Martinez, 345 F.3d 13, 13-14 (1st Cir. 2003), particularly if the inadequate lien is not a lien on all of the judgment-debtor's property. Simply put, that decision does not compel a Rule 62(f) stay in the matter before this court.

Further, Defendants' core estoppel argument is without support in the record. Nothing in Plaintiff's Motion for Certified Copy [#228], which is the only document Defendants cite to support this argument, evinces any intent on Plaintiff's part to foreclose any means of executing her judgment—and the court did not grant this relief in reliance on any such representation. Thus

---

[2] Defendants may obtain a stay by posting a bond pursuant to Rule 62(d), but have not done so.

nothing before this court precludes Plaintiff's right to seek post-judgment discovery pursuant to Rule 69(a)(2).

Accordingly, Plaintiff's Motion to Compel [#249] is ALLOWED as to Samia El-Moslimany, and Defendants' Motion to Stay Without Bond [#255] is DENIED. Defendant Samia El-Moslimany is hereby ORDERED to respond to Plaintiff's previously-served post-judgment request for production of documents, to produce responsive documents, and to answer Plaintiff's previously-served post-judgment interrogatories, within 10 days of this order.

IT IS SO ORDERED.

Date: February 28, 2017 /s/ Indira Talwani
United States District Judge