Hon. Christopher M Alston
Hearing: September 20, 2019, 9:30 am

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re:<br><br>SAMIA EL-MOSLIMANY<br><br>Debtor | Case No. 18-14820-CMA<br>Chapter 7<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL ABANDONMENT** |
|---|---|

Debtor Samia El-Moslimany respectfully submits this reply to the Objection of the trustee to the debtor's motion to compel abandonment. Accompanying this Reply is the Supplemental Declaration of Samia El-Moslimany.

The trustee asserts that there may be equity in the El-Moslimany residence, even if the second deed of trust to Aziza Al Yousef is valid, and that the requirements of Bankruptcy Code §363(h) are irrelevant. The trustee is wrong on both these assertions.

First, if the Al Yousef deed of trust is valid, there is no transfer to be avoided and preserved for the benefit of the estate. In that case, any net proceeds in excess of the consensual liens and the debtor's homestead exemption would be subject to the judgment lien of Hayat Sindi. The trustee has taken no steps to avoid that judgment lien. In order to generate any net proceeds for the estate, the trustee has to avoid both the Al Yousef deed of trust and the Sindi judgment lien.

Second, in order to sell this property, the trustee must satisfy the requirements of Bankruptcy Code §363(h). Therefore, that subsection is directly relevant to whether the

REPLY - 1

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

property is of value to the estate. Under section 363(h)(3) the trustee must prove that "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners. . ." The debtor respectfully submits that even a net equity of almost $74,000 (which is the trustee's best case scenario) does not outweigh the detriment to the co-owner, Ann El-Moslimany, the debtor's elderly, ill mother, who has lived in this house since the late 1960's, and who raised her family there. Ann El-Moslimany could, potentially, be rendered homeless by the trustee's sale of the residence. The Court should consider how likely it is that the trustee will actually be able to meet the test of section 363(h)(3).

The trustee has mis-construed Exhibit B to the Declaration of Aziza Al-Yousef, Docket 81-3. This is explained in the Supplemental Declaration of Samia El-Moslimany. Exhibit B is a report generated from online banking and exported to Excel, not a spreadsheet created by the debtor. It is denominated in Saudi Riyals, not dollars. And the figures in the "Balance" column reflect the balance in the bank account, not the amount of the debt owed to Aziza Al Yousef. Thus, Exhibit B is actual documentary evidence that Ms. Al Yousef transferred 375,000 Riyals (equivalent to $100,000) to the debtor in May 2017, as reflected in the corresponding promissory note, which is in Exhibit A to the declaration of Samia El-Moslimany, Docket 81-4.

The trustee's adversary proceeding to avoid the Al Yousef deed of trust is based on suspicion and speculation, not facts or evidence. No fewer than 13 key allegations in the complaint are based "on information and belief". These include the allegations that there is no underlying documentation to show the transfer of $346,666 from Ms. Al Yousuf to the debtor (paragraph 4.24); the allegation that these transfers did not in fact occur (paragraph 4.25); the allegation that these transfers did not occur prior to the recording of the Al Yousef deed of trust (paragraph 4.26); and the allegation

REPLY - 2

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

that the $100,000 advance did not occur and there is no documentation of it (paragraph 4.28). On the other hand, both the debtor in Ms. Al Yousef have submitted declarations under penalty of perjury that these loads are real, and the funds did in fact change hands. These declarations are evidence. So is Exhibit B, discussed above. The trustee has zero evidence to rebut these declarations. Yet the trustee bears the burden to prove by a preponderance of the evidence that these loans did not in fact occur.

The trustee will not be able to prove actual fraud. It is not disputed that the debtor has been unemployed for number of years, that she has been involved in extensive and expensive litigation with Hayat Sindi, and that during this several year period she has been paying her mortgage and supporting her household. Clearly, the debtor's motive in giving Ms. Al Yousef security was to ensure that she could pay back these loans to the person who was supporting her financially and morally, and ensure that Ms. Al Yousuf would be protected in making further loans to the debtor. It is not fraud to prefer one creditor over another.

The trustee's complaint has numerous small errors of fact. For instance, the trustee alleges at paragraph 4.39 that the debtor's schedules show that she receives unemployment compensation. A review of the relevant schedule (Docket 10 at page 29) shows that the $2200 per month the debtor receives are contributions from family members towards household expenses, not unemployment compensation.

Finally, the trustee has not specifically responded to the debtor's request that the court overrule his boilerplate objection to the debtor's homestead exemption (Docket 11). As the basis of his objection the trustee says "Hayat Sindi recorded judgments against the real property in 2017 and 2018 that appear to fully encumber the real property and that the debtor appears to have no equity in the property by which the debtor may assert a state homestead exemption claim." Yet clearly, a debtor's

REPLY - 3

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

Homestead exemption under Washington law has priority over a judgment lien such as the Sindi judgment lien. RCW 6.13.090. The trustee's objection is based on a fundamental legal error. Nothing in the record before the court indicates that the debtor is not entitled to a homestead exemption in her undivided 50% interest in the Burien residence, and that that homestead exemption has priority over any and all judgment liens.

If the Court grants Washington Federal Savings & Loan relief from stay, it is only fair and equitable to compel the trustee to abandon the property, so that the debtor and her family members can attempt to save the property from foreclosure. The trustee has had nine months to evaluate the property and investigate the liens. In the end, the trustee can only assert a suspicion that the Al Yousuf deed of trust is invalid; he has no evidence to support that suspicion. Nor has the trustee made any convincing argument that he will be able to sell the co-owner's interest in the property pursuant to section 363(h). Therefore, the Court should enter an order compelling abandonment of the property.

Dated: September 17, 2019

DONALD A BAILEY
Attorney at Law

/s/ Donald A Bailey
WSB#12289
Attorney for Debtor

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

REPLY - 4