Hon. Christopher M Alston
Hearing: September 20, 2019, 9:30 am

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 18-14820-CMA |
|---|---|
| SAMIA EL-MOSLIMANY | Chapter 7 |
| Debtor | **REPLY IN SUPPORT OF MOTION TO AVOID LIEN** |

Debtor Samia El-Moslimany respectfully submits this reply to the Objection of Hayat Sindi to the debtor's motion to avoid Sindi's judgment lien.

Dr Sindi asserts (Docket 95 at page 5) that if her objection to discharge prevails, "she will obtain a judgment that would be a lien against the debtor's residence that is in the same position as the existing judgment lien(s)." This is incorrect. Lien avoidance and dischargeability are two separate and distinct issues. Even if Sindi's debt is declared nondischargeable, the debtor's exempt homestead will not be liable for such debt, Bankruptcy Code §522(c). To the extent Sindi's judgment lien is avoided under section 522(f), a finding that the debt is nondischargeable will not cause the lien to reattach in any way.

Finally, Hayat Sindi has not specifically responded to the debtor's request that the court overrule her objection to the debtor's homestead exemption (Docket 17). Sindi's objection simply incorporates the objection made by the trustee, and fails for the same reason: a debtor's homestead exemption has priority over a judgment lien, RCW

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

REPLY - 1

6.13.090, so it is incorrect to say that there is no equity in the property to which the exemption can attach.

Sindi goes on to argue that the Al Yousuf deed of trust may be invalid. The problems with this argument are discussed in the debtor's reply on the motion to compel abandonment. But in any event, the invalidity of the Al Yousef deed of trust would not affect the right of the debtor to claim a homestead exemption; it would simply mean that there might be equity in the property above and beyond the homestead to support Sindi's judgment lien, at least in part. Nothing in the record before the court indicates that the debtor is not entitled to a homestead exemption in her undivided 50% interest in the Burien residence, and that that homestead exemption has priority over any and all judgment liens.

The debtor has argued that the 2017 recording of Sindi's judgment lien is defective because the parcel number is incorrect and there is no legal description. Sindi responds that there is no requirement that a recorded judgment contain a legal description. But there is. RCW 65.04.045, which relates to the formal requirements of recorded documents, states:

> (1) When any instrument is presented to a county auditor or recording officer for recording, the first page of the instrument shall contain: . . .
> (f) An abbreviated legal description of the property, . . . ;
> (g) The assessor's property tax parcel or account number set forth separately from the legal description or other text.

RCW 65.04.047 goes on the require that every document presented for recording that does not have on its face the information required by RCW 65.04.045, the person presenting the document must provide a cover sheet that contains a legal description and tax parcel number. Without a legal description or tax parcel number, the county recorder cannot maintain the index required by RCW 65.04.050. Therefore, Sindi's 2017 judgment recording is defective and ineffective.

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

REPLY - 2

Hayat Sindi has presented no evidence of the value of the Burien residence. The only evidence before the Court is that the value of the property is $1,130,000. Hayat Sindi has presented no evidence that the Al Yousef second deed of trust is invalid, or that the loans secured by that you trust were not real loans. Her response to the motion to avoid judgment lien is based on speculation, not evidence or legal argument. The Court should enter an order avoiding the judgment lien in its entirety.

Dated: September 17, 2019

DONALD A BAILEY
Attorney at Law

/s/ Donald A Bailey
WSB#12289
Attorney for Debtor

REPLY - 3

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com