UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>SAMIA EL-MOSLIMANY<br><br>Debtor | Case No. 18-14820-CMA<br>Chapter 7<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO AVOID JUDGMENT LIEN** |

Debtor Samia El-Moslimany respectfully submits this supplemental memorandum in support of her motion to avoid the judgment lien of Hayat Sindi (Docket #80) and her motion to compel abandonment of her residence (Docket #81), in accordance with the Court's instructions at the August 30, 2019 hearing. Accompanying this memorandum is the Second Supplemental Declaration of Samia El-Moslimany.

**1. PROCEDURAL BACKGROUND**

Since the August hearing, the Court has entered an order overruling the trustee's and Ms Sindi's objections to the Debtor's claim of homestead exemption.

The Debtor and the trustee have agreed to mediate the abandonment issue under the auspices of the Thomas T Glover Mediation Program. Therefore, the Debtor is not seeking an order of abandonment at this time. The Debtor asks the Court to put the abandonment motion on hold, subject to being re-noted if mediation is not successful.

The Debtor originally sought to avoid the Sindi judgment lien under both Bankruptcy Code §522(f) and 522(h). The latter subsection allows a debtor to avoid a

SUPPLEMENTAL MEMORANDUM - 1

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

lien that is subject to avoidance by the trustee as, for instance, a preference, if the trustee does not do so. The Debtor has decided to withdraw her motion to the extent it seeks relief under subsection 522(h), and continue with her motion under subsection 522(f) only.

As the Court may recall, Ms Sindi originally obtained judgment against the Debtor in the Federal District Court for Massachusetts in October 2016. While that judgment was on appeal, Ms Sindi docketed the judgment in the Federal District Court for the Western District of Washington, and on February 27, 2017, recorded a "Notice of Lien Against Homestead Property" in the King County land records. After the judgment was reduced on appeal, Ms Sindi registered the amended judgment in the King County Superior Court and, on September 25, 2018, recorded it in the King County land records. This bankruptcy was filed on December 20, 2018, less than 90 days after the 2018 lien filing.

The Debtor originally challenged the 2017 lien filing as defective because the judgment was domesticated in District Court as opposed to Superior Court, and the 2018 lien filing as an avoidable preference. For purposes of this motion going forward, and without waiving any rights or defenses, the Debtor concedes the validity of the 2017 judgment lien filing, and leaves it to the trustee whether to seek avoidance of the 2018 judgment lien filing.

**2. LIEN AVOIDANCE UNDER SECTION 522(f)**

Pursuant to Bankruptcy Code §522(f), a debtor may avoid a judicial lien on exempt property, such as a homestead, to the extent the lien impairs an exemption to which the debtor is entitled. A lien impairs an exemption to the extent the amount of the lien, plus the amount of all other liens on the property, plus the amount of the exemption, exceeds the value of the property.

SUPPLEMENTAL MEMORANDUM - 2

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

Case 18-14820-CMA    Doc 130    Filed 11/15/19    Ent. 11/15/19 13:22:16    Pg. 2 of 5

In this case, the property is encumbered by a first deed of trust to Washington Federal Bank and a second deed of trust to Aziza Alyousef. The Debtor owns an undivided half interest in the property along with her mother. The Debtor calculates the equity available to support the Sindi judgment lien as follows:

| | |
|---|---:|
| Property value: | $1,130,000[1] |
| Less Washington Federal deed of trust | - $355,437[2] |
| Less Alyousef Deed of Trust | - $574,536 |
| Gross equity | $200,027 |
| Debtor's 50% share of net equity | $100,013 |
| Less Debtor's homestead exemption | - $125,000 |
| Net Equity (negative) | - $24,987 |

The debtor has the burden of proof in seeking lien avoidance under Bankruptcy Code §522(f). *Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839 (E.D CA 2006); *In re Mohring*, 142 B.R. 389 (Bankr. C.D. CA 1992). The debtor must establish four elements:

(1) there is an exemption to which the debtor is entitled;

(2) that the property is listed in the debtor's schedules and claimed as exempt;

(3) that the lien impairs the exemption; and

(4) that the lien is judicial rather than consensual.

*In re Burchard*, 2009 Bankr. LEXIS 5516 at 8 (Bankr. D. ID 2009). Here, the Court's order overruling the objections to the claim of exemption has disposed of elements 1 and 2.

---

[1] Per the Court's comments at the August 30 hearing, the Debtor has not deducted costs of sale in this calculation, although costs of sale will be relevant to the issue of abandonment.

[2] This was the balance on the petition date; the amount owed is now higher due to accruing interest and other charges.

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

SUPPLEMENTAL MEMORANDUM - 3

There is no dispute as to element 4. Therefore, the only issue before the Court is whether the Sindi judgment lien impairs the Debtor's homestead exemption.

The Bankruptcy Code provides a formula for determining impairment in Bankruptcy Code §522(f)(2): take the value of the debtor's interest in the property, then deduct the sum of all other liens on the property[3] and the amount of the claimed exemption. If the result is zero or less, the subject lien impairs the debtor's exemption and it is avoided in its entirety. If the result is a positive number, that is the limit of the lien, and any amount of lien in excess of that amount is avoided. As shown by the table above, the result of this calculation in this case is avoidance of the Sindi judgment lien in its entirety.

By her declaration (Docket #80-4), the Debtor has submitted evidence of the value of the property as stated in the table above. Ms Sindi has not submitted any evidence to rebut the property value asserted by the Debtor. The Debtor and Aziza Alyousef have submitted declarations under penalty of perjury (Docket #80-3 and #80-4) stating that Ms Alyousef's loans to the Debtor are real and bona fide, and that the secured debt owing to Ms Alyousef is as stated in the table above. They have authenticated the promissory notes and the deed of trust. By her Second Supplemental Declaration, the Debtor has further substantiated the bona fides of these loans, and backed up her

---

[3] In the case of property owned jointly by a debtor and a non-debtor, some courts have interpreted this literally and allowed the debtor to deduct the full amount of a jointly owed mortgage from the debtor's half interest in the property. Other courts have required jointly owed mortgage debts to be deducted from the gross value of the property before dividing the equity between the co-owners. Compare *In re Cozad*, 208 B.R. 495 (B.A.P. 10th Cir. 1997) (deducting full mortgage from half interest) with *In re Miller*, 299 F.3d 183, 48 C.B.C.2d 937 (3d Cir. 2002) (deducting full mortgage before dividing equity). Here, the Debtor has adopted the more conservative approach. If the debtor followed the *Cozad* approach, the impairment would be even more extreme.

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

SUPPLEMENTAL MEMORANDUM - 4

declaration with bank statements[4]. Ms Sindi has presented no evidence that casts doubt on the Alyousef loans or the deed of trust securing those loans.

The Debtor respectfully submits that she has met her burden of producing evidence to support her motion, and, in the absence of any contrary evidence from the lienholder, she has also met her burden of proof. There is no equity in the Debtor's residence that the Sindi judgment lien can attach to, and the judgment lien should be avoided in its entirety.

Dated: November 15, 2019

DONALD A BAILEY
Attorney at Law

/s/ Donald A Bailey
WSB#12289
Attorney for debtor

---

[4] The bank statements that are being produced for the first time in the Second Supplemental Declaration were not available to the Debtor when the original motion was filed; she has had to travel to Saudi Arabia to obtain many of them.

SUPPLEMENTAL MEMORANDUM - 5

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com