| | |
|---|---|
| Judge: | Christopher M. Alston |
| Chapter: | 7 |
| Hearing Date: | April 30, 2021 |
| Hearing Time: | 9:30 a.m. |
| Hearing Site | Telephonic – Call in instructions at end of document |
| Reply Date: | April 23, 2021 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

SAMIA EL-MOSLIMANY

          Debtor.

Case No. 18-14820-CMA

NOTICE OF HEARING ON TRUSTEE'S MOTION TO 1) APPROVE COMPROMISE AND SETTLEMENT; 2) AUTHORIZNG LISTING OF PROPERTY FOR SALE; 3) TO EMPLOY REALTOR; OR ALTERNATIVELY, 4) TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE

## I. NOTICE

**PLEASE TAKE NOTICE** that Ronald G. Brown, the Chapter 7 Trustee ("Trustee") has filed a motion asking this Court to 1) approve compromise and settlement; 2) authorizing listing of property for sale; 3) to employ Realtor; or alternatively 4) to compel turnover of property of the estate (the "Trustee's Motion").

**The hearing on the Trustee's Motion IS SET for hearing on Friday, April 30, 2021 at 9:30 a.m. The hearing will be conducted telephonically. The instructions to call in for the hearings are set forth at the end of this document.**

## II. FACTUAL BACKGROUND

2.1 Samia El-Moslimany filed a voluntary Chapter 7 bankruptcy petition on December 20, 2018 ("Petition Date"). Ronald G. Brown was appointed as the Chapter 7

NOTICE OF HEARING ON AND
TRUSEE'S MOTION FOR VARIOUS RELIEF

Page 1

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 148    Filed 04/09/21    Ent. 04/09/21 14:39:05    Pg. 1 of 8

Trustee the same day ("Trustee"). Among assets of the estate is real property located at 2655 SW 151st Place, Seattle, WA 98166 ("Property"). The Debtor owns a 50% interest in the Property. As of the Petition Date, the Debtor's mother, Ann Paxton El-Moslimany, owned the other 50% interest in the Property ("Ann El-Moslimany").

2.2 Ann El-Moslimany filed a voluntary chapter 7 bankruptcy petition on December 20, 2020, case no. 20-13149. Nancy James was appointed as the Chapter 7 Trustee on the same date.

2.3 Ann El-Moslimany passed away on January 25, 2021.

2.4 The Property is owned one-half by the Samia El-Moslimany bankruptcy estate and one-half by the Ann El-Moslimany bankruptcy estate.

2.5 Neither Ann El-Moslimany or Samia El-Moslimany have made a payment on the mortgage for over two years. See Declaration of Denice Moewes, ¶3 ("Moewes Declaration").

2.6 The first position deed of trust holder, Washington Federal Bank, is owed $410,000.00, an increase of $60,000 from the Samia El-Moslimany Petition Date. Moewes Declaration, Exhibit 1.

2.7 The second position trust holder, Aziza Al-Yousef, has two promissory notes totaling $446,000 signed by Samia El-Moslimany. Neither of those promissory notes are signed by Ann El-Moslimany. Moewes Declaration Exhibit 2 and 3.

2.8 Both Samia El-Moslimany and Ann El-Moslimany claimed a $125,000 homestead exemption.

2.9 Hayat Sindi has a recorded judgment against Ann El-Moslimany in the amount of $354,575.00.

NOTICE OF HEARING ON AND
TRUSEE'S MOTION FOR VARIOUS RELIEF

Page 2

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 148    Filed 04/09/21    Ent. 04/09/21 14:39:05    Pg. 2 of 8

2.10  Hayat Sindi has a recorded judgment against Samia El-Moslimany in the amount of $1,550,298. Moewes Declaration, Exhibit 4.

2.11  The Trustee believes the Property is worth at least $1,300,000. However, given the lack of inventory in this current housing market, the Property could easily sell for more than $1,300,000. See Declaration of Rik Jones filed simultaneously herewith.

2.12  The Trustee also believes he could rent the Property for a monthly rental amount of $4,000 - $5,000. **Jones Declaration**, ¶6.

### III. MOTION TO APPROVE COMPROMISE AND SETTLEMENT

3.1  The Trustee believes the Property has a value of at least $1,300,000. There is a first place deed of trust in favor of Washington Federal Savings with a balance due of approximately $410,000. There is a second deed of trust in favor of Aziza Yousef. Trustee Brown is challenging the validity of that deed of trust and seeks to set it aside for the benefit of the unsecured creditors of the estate. Trustee James will be joining in on that litigation. Since the Property is held by the two debtors as tenants in common and each is entitled to a $125,000 homestead in the Property. After the homestead exemption there is a judgment lien in favor of Sindi. Sindi has a judgment against both debtors, but for different amounts. According to the schedules, the debtor owes Sindi approximately $491,000. Samia El-Moslimany lists the debt to Sindi at $1,548,500. It is estimated that after payment of the costs of sale and the secured debt, setting aside the funds for the disputed debt and the two homestead exemptions, there will remain between $78,000 and $90,000 in proceeds to which the Sindi lien can attach.

3.2  The trustee and Sindi have entered into an agreement.  Moewes Declaration, Exhibit 5. Under the terms of the agreement, the trustees will market and sell

NOTICE OF HEARING ON AND
TRUSEE'S MOTION FOR VARIOUS RELIEF

Page 3

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 148    Filed 04/09/21    Ent. 04/09/21 14:39:05    Pg. 3 of 8

the residence, pay the Washington Federal Savings claim, set aside the proceeds from the Yousef deed of trust, pay the two exemption claims and split the net sale proceeds equally between Sindi and the two trustees.

3.3     The debtors have not kept the mortgage payments on the Property current. The Yousef litigation could take several more months to finalize. In the meantime, there is a risk that the Property will be lost to foreclosure. Additionally, the sale proceeds will set off some of the expenses incurred by the attorneys in litigating with Yousef.

WHEREFORE, the Trustee Brown prays for an order authorizing the agreement between the two bankruptcy trustees and Hayat Sindi.  A copy of the Settlement Agreement is being sent with the notice to creditors.

## IV. TRUSTEE'S MOTION FOR AUTHORITY TO LIST PROPERTY FOR SALE AND EMPLOY REALTOR

4.1     The Trustee seeks authority to list the Property for sale.  The parties and various real estate agents can all proffer their opinion of the value of the Property. However, the fair market value of the Property is what a willing buyer is to pay to a willing seller.   There is no substitute for the Property being listed for sale on the Multiple Listing Service so value can be determined.  If the Trustee receives an offer sufficient to pay the liens[1] and the homestead, and return money to the estate, then the Trustee will note up the offer for court approval.

4.2     There is nothing in 11 U.S. C. § 704 or in any other section of the Bankruptcy Code, that requires that the trustee demonstrate in advance of sale that the market price will exceed all costs and encumbrances.

---

[1] The funds to pay off the Al-Youssef lien would be held in escrow pending a determination of the Adversary Proceeding

NOTICE OF HEARING ON AND
TRUSEE'S MOTION FOR VARIOUS RELIEF

Page 4

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 148    Filed 04/09/21    Ent. 04/09/21 14:39:05    Pg. 4 of 8

> Little would be gained by prohibiting the trustee from attempting a sale in the sound belief that there will be something left for the estate after the liens, sale expenses and homestead exemption are covered. This is especially true because the trustee is not bound to accept a bid that does not enable him to satisfy his obligations and may simply refuse to go through with a sale if none of the bids proves sufficiently advantageous.

*In re Hyman*, 967 F.2d 1316, 1320 (9th Cir. 1992).

4.3 Moreover, the second place deed of trust in favor of Aziza Al-Yousef is the subject of an adversary proceeding. That interest is subject to a bona fide dispute and the property can be sold pursuant to 11 U.S.C. § 363(f)(4). To approve a sale under that statute, the Court does not need to decide the dispute. It only need to objectively determine that one exists. *In re Daufuskie Island Properties., LLC*, 431 B.R. 626, 645-46 (Bkrtcy. D.S.C. 2010). In this instance there is a pending lawsuit to determine the validity of the deed of trust. There is a bona fide dispute. The purpose of Section 363(f)(4) is to permit the property of the estate to be sold so that liquidation need not be delayed while a disputed interest is being litigated. *In re Clark*, 266 B.R. 163, 171 (9th Cir. BAP 2001). The mounting debt to the to the first place deed of trust holder in this case is precisely the situation Section 363(f)(4) is intended to address.

4.4 The Trustee desires to hire Rik Jones and RE/Max Northwest to sell real property on behalf of the estate on a 6% commission basis, subject to Court approval after notice and a hearing. A copy of the proposed listing agreement is attached hereto as an exhibit.

4.5 Rik Jones and RE/Max Northwest have previously worked with the Trustee, and Denice Moewes, the Attorney for Trustee, in other bankruptcy cases and it is anticipated to continue.

NOTICE OF HEARING ON AND
TRUSEE'S MOTION FOR VARIOUS RELIEF

Page 5

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 148    Filed 04/09/21    Ent. 04/09/21 14:39:05    Pg. 5 of 8

4.6 The Trustee is aware of no connections between Rik Jones and/or RE/Max Northwest, and the debtor, creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee other than as set forth above.

4.7 The Trustee is not aware of any interest adverse to the estate held by Rik Jones and RE/Max Northwest and believes them to be disinterested pursuant to 11 USC §101(14).

4.8 No retainer has been paid or promised to Rik Jones and/or RE/Max Northwest and all compensation is subject to a Court order after notice to creditors and a hearing.

WHEREFORE, the Trustee applies to the Court for an order authorizing the employment of Rik Jones and RE/Max Northwest and authority to list and sell property of the estate as described in this application with all compensation subject to Court order upon notice to creditors and a hearing.

## V. MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE

5.1 Section 542(a) of the Bankruptcy Code provides that an entity in possession, custody or control of property that the trustee may use, sell or lease under section 363 shall deliver to the trustee the property unless such property is of inconsequential value or benefit to the estate.

5.2 The Debtor has not made a mortgage payment in over two years. The Trustee's real estate agent believes he can rent the Property for between $4,000 - $5,000 per month. See Jones Declaration. $4,000 - $5,000 per month is not of inconsequential value or benefit to the estate. The rental income can be used to pay the monthly mortgage

NOTICE OF HEARING ON AND
TRUSEE'S MOTION FOR VARIOUS RELIEF

Page 6

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 148    Filed 04/09/21    Ent. 04/09/21 14:39:05    Pg. 6 of 8

payment and any expenses, thereby preventing the Debtors from eating away all the equity in the Property.

WHEREFORE, the Trustee requests turnover of the property so that he may then rent it Property, after entry of an operating order.

## VI. MOTION TO EMPLOY REALTOR

6.1     The Trustee desires to hire Rik Jones and RE/Max Northwest to sell real property on behalf of the estate on a 6% commission basis, subject to Court approval after notice and a hearing.  A copy of the proposed listing agreement is attached hereto as an exhibit.

## VII. OBJECTIONS

<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to approve the Trustee's Motion, or if you want the court to consider your views on the Trustee's Motion, then on or before Friday, April 23, 2021, you, or your attorney must file your objection and serve a copy upon Denice Moewes, Wood & Jones, P.S., 303 N. 67th Street, Seattle, WA  98103.

If you mail your response, objection or comment to the Court and counsel, you must mail it early enough so that the court will receive it on or before the date stated above.

If you or your attorneys do not take these steps, the Court may decide that you do not oppose the Trustee's Motion and may enter an order granting the relief requested in the Trustee's Motion.

NOTICE OF HEARING ON AND
TRUSEE'S MOTION FOR VARIOUS RELIEF

Page 7

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 148    Filed 04/09/21    Ent. 04/09/21 14:39:05    Pg. 7 of 8

Further information regarding the Trustee's Motion may be obtained by telephoning Denice E. Moewes, at (206) 623-4382.

Dated this 9th day of April, 2021.

                                  WOOD & JONES, P.S.

                                  */s/ Denice E. Moewes*
                                  Denice E. Moewes, WSBA # 19464
                                  Attorney Chapter 7 Trustee

Dial In Instructions:

    Dial: **1-888-363-4749**
    Enter Access Code: **8955076 then press #**
    Enter Security Code: **3564 then press #**
    Speak when prompted

Guidelines:
1. Use a land line phone and not a cell phone, if possible. Do not use a speaker phone.
2. Make the call from a quiet area where background noise is minimal.
3. Wait until the Judge calls your case before speaking.
4. Do not put the phone on hold at any time after the call is connected.
5. In the event you are unable to connect to the conference call after following the above procedures, please contact chambers at (206) 370-5330.

NOTICE OF HEARING ON AND
TRUSEE'S MOTION FOR VARIOUS RELIEF

Page 8

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 148    Filed 04/09/21    Ent. 04/09/21 14:39:05    Pg. 8 of 8