# AGREEMENT TO MARKET REAL PROPERTY

THIS AGREEMENT ("Agreement") is made effective the 30th day of April, 2021, by and between Ronald G. Brown ("Trustee Brown"), in his capacity as Chapter 7 bankruptcy trustee for Samia El-Moslimany, Case No. 18-14820, filed in the Western District of Washington at Seattle; Nancy L. James ("Trustee James"), in her capacity as Chapter 7 bankruptcy trustee for Ann Paxton El-Moslimany, Case No. 20-13149, filed in the Western District of Washington at Seattle; and creditor Hayat Sindi ("Creditor Sindi"). Creditor Sindi and the Trustees are sometimes referred to herein as "Party" or "Parties."

## RECITALS

A. Samia El-Moslimany filed a Chapter bankruptcy petition on December 20, 2018, and Trustee Brown was appointed the Chapter 7 trustee.

B. Included in the property of the Samia El-Moslimany bankruptcy estate is a 50 percent interest in the real property located at 2655 S.W. 151st Place, Burien, Washington 98166 ("the Property").

C. Ann Paxton El-Moslimany filed a Chapter 7 bankruptcy petition on December 29, 2020, and Trustee James was appointed the Chapter 7 trustee.

D. Included in the property of the Ann Paxton El-Moslimany bankruptcy estate is the other 50 percent interest in the Property.

E. The interests of both bankruptcy estates are encumbered by a deed of trust in favor of Washington Federal Savings with an approximate balance of $410,000.

F. Next in time is a deed of trust in the face amount of $346,666 in favor of Aziza M. Yousef ("Yousef") encumbering the interests of both estates.

G. Trustee Brown has filed Adversary No. 19-01116 against Yousef to set aside the deed of trust as, among other theories, a fraudulent conveyance. The lawsuit seeks to preserve the avoided Yousef deed of trust for the benefit of Trustee Brown's estate.

H. Trustee James has the same cause of action.

I. Creditor Sindi has a subordinate judgment lien which encumbers the interest of both bankruptcy estates. Creditor Sindi has a judgment lien in the amount of approximately $1,550,298 against the Brown Trustee's interest in the Property. Creditor Sindi has a judgment lien in the amount of approximately $354,000 against the James Trustee's interest in the Property. Creditor Sindi is the largest unsecured creditor of the estates.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants set forth in this Agreement, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties covenant and agree as follows:

1. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. This Agreement is subject to approval by the Bankruptcy Court in Case No. 18-14820 and Case No. 20-13149.

3. The Trustees shall employ a real estate agent to market the Property. The sale of the Property will be subject to approval by the Bankruptcy Court in both cases.

4. It is anticipated that the sale proceeds shall be distributed as follows: First, those expenses normally incurred by a party selling real property including, but not limited to, realtor commissions, escrow fees, outstanding property taxes and any charges typically paid by the seller of real property in the Western District of Washington.

5. The next funds will be paid to Washington Federal Savings on its secured deed of trust.

6. The next funds, an amount sufficient to satisfy the Yousef obligation, will be retained by the Trustees pending the outcome of the adversary proceeding against Yousef.

7. Next, the statutory homestead of $125,000 will be paid each to Samia El-Moslimany and Ann Paxton Moslimany upon further order of the court.

8. The next creditor scheduled to receive funds will be Creditor Sindi on her two judgment liens. The remaining funds are expected to be less than the amount needed to satisfy Creditor Sindi's judgment.

9. The Parties have agreed that, upon the successful closing of the sale of the Property, the estates will receive 50 percent of the remaining sale proceeds after the deductions described in paragraphs 4 though 7 above. The distribution of those proceeds between the two estates will be subject to further order of the Court. The remaining sale proceeds will be paid to Creditor Sindi in partial satisfaction of her claims.

10. Each Party executing this Agreement represents that it is authorized to do so. Each person executing this Agreement on behalf of an entity represents that he or she is authorized to execute this Agreement on behalf of said entity.

11. The Parties have read this Agreement, have had the benefit of counsel and freely and voluntarily enter into this Agreement.

12. This Agreement may be executed in several counterparts and, once executed, shall constitute one agreement binding all Parties, notwithstanding that all Parties to this Agreement are not signatory to the original and same counterpart.

13. This Agreement shall be construed and enforced in accordance with the laws of the State of Washington. Jurisdiction and exclusive venue shall be in the United States Bankruptcy Court for the Western District of Washington.

14. Each Party to this Agreement hereby agrees to take any and all action necessary where appropriate to execute and discharge its responsibilities and obligations created pursuant to the provisions of this Agreement and to further effectuate and carry out the intents and purposes of this Agreement and the transaction contemplated hereby.

////

////

////

////

////

////

210405aAgr   Page 4

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first above written.

DATED this _____ day of April, 2021.

_____
Ronald G. Brown, Bankruptcy Trustee for
Samia El-Moslimany, Case No. 18-14820

DATED this _____ day of April, 2021.

_____
Nancy L. James, Bankruptcy Trustee for
Ann Paxton El-Moslimany, Case No. 20-13149

DATED this <u>  8 April 2021  </u> day of April, 2021.

_____
Hayat Sindi, Creditor