|  |  |
|---|---|
| Judge: | Christopher M. Alston |
| Chapter: | 7 |
| Hearing Date: | June 18, 2021 |
| Hearing Time: | 9:30 a.m. |
| Hearing Site | Telephonic – Call in instructions at end of document |
| Reply Date: | June 11, 2021 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>SAMIA EL-MOSLIMANY<br><br>Debtor. | Case No. 18-14820-CMA<br><br>DECLARATION OF RONALD G. BROWN IN SUPPORT OF 1) TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF ADVERSARY PROCEEDING 19-01116 CAPTIONED AS BROWN V. AL-YOUSEF; |

RONALD G. BROWN declares under penalty of perjury of the laws of the State of Washington as set forth below.

1. I am over the age of 21 and am competent to make this declaration and do so based upon personal knowledge.

2. I am the Chapter 7 Trustee in this case having been appointed on December 20, 2018.

3. Among assets of the estate is real property located at 2655 SW 151st Place, Seattle, WA 98166 ("Property"). The Debtor owns a 50% interest in the Property. As of the Petition Date, the Debtor's mother, Ann Paxton El-Moslimany, owned the other 50% interest in the Property ("Ann El-Moslimany").

DECLARATION OF RONALD G. BROWN

Page 1

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 169    Filed 05/27/21    Ent. 05/27/21 19:45:01    Pg. 1 of 12

4. Ann Moslimany filed a voluntary chapter 7 bankruptcy petition on December 20, 2020, case no. 20-13149. Nancy James was appointed as the Chapter 7 Trustee on the same date.

5. Ann El-Moslimany passed away on January 25, 2021.

6. The Property is currently owned one-half by the Samia El-Moslimany bankruptcy estate and one-half by the Ann El-Moslimany bankruptcy estate.

**Brown v. Yousef**

7. Hayat Sindi sued the Debtor and Ann Moslimany in 2013 for defamation and slander, among other things. On August 18, 2016 a Final Judgment was entered awarding damages in the amount of $3,500,000.00 against Debtor Samia El-Moslimany and $600,000.00 against Ann El-Moslimany, which was later reduced to $2,107,808.88 and $518,250.85, respectively[1]. On August 18, 2016 a Final Judgment was entered against the Debtor and Ann El-Moslimany. Three weeks later, on September 1, 2016 the Debtor granted Aziza Al-Yousef ("Ms. Yousef") a deed of trust against the Property in the amount of $346,666. The Deed of Trust was recorded in King County on November 7, 2016.

8. At my request, my counsel filed a complaint to avoid the granting of a deed of trust in which I allege that the granting of the Deed of Trust to Al-Yousef was done intentionally to, or at least, hinder or delay, if not outright defraud, Hayat Sindi and prevent her from reaching the equity in the Property to satisfy her judgments she held against Samia El-Moslimany and Ann El-Moslimany. I also alleged that the transfer was constructively fraudulent because the Debtor did not receive reasonably equivalent value.

---

[1] On Appeal, the judgment was reduced to $1,500,000 and $244,000, respectively.

DECLARATION OF RONALD G. BROWN

Page 2

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 169    Filed 05/27/21    Ent. 05/27/21 19:45:01    Pg. 2 of 12

**Current Status of the Adversary Proceeding**

9. The Adversary Proceeding has been very difficult. The Defendant, Ms. Al-Yousef, has been willing to participate in this bankruptcy proceeding, when her involvement is beneficial to the Debtor, but is otherwise unavailable.

10. There have been numerous hearings relating to the service of the complaint. The Debtor filed a motion to intervene in the Adversary Proceeding, which was granted, over my objection. At my direction, my counsel drafted discovery to both Aziza Yousef and the Debtor, which is past due and thus far has not been answered. I also have a motion pending seeking authority to pay a third party to serve a subpoena on SAMBA Bank to which the Debtor has objected. The Debtor demanded a jury trial, but did not take the next step and seek withdrawal of the reference, which prevented any court from ever setting a trial date. I believe, by failing to timely seek withdrawal of the reference, the Debtor has now waived the right to a jury trial. These are just a few of the issues that are currently at issue that are going to need rulings from this Court to resolve.

11. I agreed to attend a mediation to try and settle the Adversary Proceeding. The Mediation was successful. I agreed to accept $300,000,00 collectively, with the Ann El-Moslimany bankruptcy estate, to settle the Adversary Proceeding. All of the terms of the settlement are set forth in the signed Settlement Agreement, a true and correct copy of which is attached hereto as Exhibit 1, and is being provided to all creditors with the Notice. The Settlement Agreement has been signed off by the other Defendant, Aziza Al-Yousef. Hayat Sindi also agreed to attend the mediation in an attempt to work out the non-Trustee related issues she and Samia El-Moslimany had. They were not successful.

12. I based my decision to accept this settlement upon the four factors set forth in the case of A&C Properties, 784 F.2d 1377 (9th Cir. 1986), which are set forth and discussed below.

DECLARATION OF RONALD G. BROWN

Page 3

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 169    Filed 05/27/21    Ent. 05/27/21 19:45:01    Pg. 3 of 12

### A. Probability of Success in Litigation.

13. I believe I have a 75% chance of proving that the transfers to the Defendant were actually and/or constructively fraudulent.

### B. Difficulties to be encountered in the matter of Collection.

14. If I were to prevail, I would step into the shoes of Al-Yousef and would be the holder of the second position deed of Trust. I believe there is substantial equity in the property and, therefore, I do not perceive there would be much difficulty in collecting on the judgment. I do believe the Debtor and her family would not vacate the Property willing or even timely, and I am concerned that in order to obtain possession of the Property I might need the assistance of the U.S. Marshal.

### C. Complexity of litigation and expense, inconvenience and delay attendant therewith.

15. After consultation with my counsel, and being familiar with this case, I believe between now and the conclusion of a trial an additional $125,000 legal fees would be incurred on the following:

- Determination as to whether the Debtor has waived her right to trial by jury by not timely withdrawing the reference. It is my understanding that trials in District Court and currently being set for 18 months from now. Thus, if this matter does have to be heard by the District Court, I do not anticipate trial would occur until early 2023.

- Discovery disputes, including the pending but unanswered discovery requests to both the Debtor and Al-Yousef, and compelling information as to various parties in Saudi Arabia;

- Obtaining service of subpoenas on SAMBA Bank in Saudi and getting those documents in English, or incurring the cost to transcribe them.

- Attempting to obtain information from the Debtor's ex-husband, Fouad Dehlawi.

- Depositions of the Debtor, her daughter, at least one of her sons and attempting to obtain the deposition of Al-Yousef, and her daughter;

- Obtaining a solvency report from my expert, and likely defending his deposition;

DECLARATION OF RONALD G. BROWN

Page 4

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 169    Filed 05/27/21    Ent. 05/27/21 19:45:01    Pg. 4 of 12

- Substantial research on the issue of the interplay between an Intervenor and various inferences parties are entitled to at trial.
- Preparing for trial, including the Pretrial Order, brief, and what would clearly be substantial exhibits.

16. I believe the trial would be complicated, largely because of language issues. I assume that there are going to have to be translators involved, which is going to make the trial substantially longer than would normally be required.

17. I also anticipate the Debtor would appeal any ruling in my favor.

18. At this point in time, I believe the case is at a tipping point in terms of upside to unsecured creditors. The Al-Yousef deed of trust is interest free. Therefore, the amount of the deed of trust is not increasing. Thus, while the legal fees rise, the amount that can be recovered remains the same, which is not a winning combination. The legal fees in this case are already $100,000. If another $125,000 is incurred seeking to step into the shoes of a $445,000 deed of trust, the net result to the estate is less than what we are receiving in this settlement. Finally, I do not believe the King County real estate market can sustain this rate of appreciation, which will have a direct impact on the amount the estate can sell the property for and realize on its deed of trust

19. I believe the interest of the creditors is best served by agreeing to accept the settlement and avoid the possibility of the legal fees substantially eroding the recovery for unsecured creditors.

20. I seek approval from this Court to execute all documents necessary to effectuate the settlements set forth above, if approved, including the Settlement Agreement entered into between the parties. A true and copy of the Settlement Agreement is attached hereto Exhibit 1.

Signed and dated this 26 day of May, 2021, at SEATTLE, Washington.

Ronald G. Brown

DECLARATION OF RONALD G. BROWN

Page 5

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 169    Filed 05/27/21    Ent. 05/27/21 19:45:01    Pg. 5 of 12

Dial In Instructions:

    Dial: **1-888-363-4749**
    Enter Access Code: **8955076 then press #**
    Enter Security Code: **3564 then press #**
    Speak when prompted

Guidelines:
1. Use a land line phone and not a cell phone, if possible. Do not use a speaker phone.
2. Make the call from a quiet area where background noise is minimal.
3. Wait until the Judge calls your case before speaking.
4. Do not put the phone on hold at any time after the call is connected.
5. In the event you are unable to connect to the conference call after following the above procedures, please contact chambers at (206) 370-5330.

DECLARATION OF RONALD G. BROWN

Page 6

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 169    Filed 05/27/21    Ent. 05/27/21 19:45:01    Pg. 6 of 12

# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered by and between Ronald G. Brown, Chapter 7 Trustee ("Trustee Brown") for the bankruptcy estate of Samia El-Moslimany (the " Samia Estate"), on the one hand, Nancy James, Chapter 7 Trustee ("Trustee James") of the Ann Paxton -El-Moslimany estate ("Paxton Estate") on the one hand ("Trustee Parties") and Samia El-Moslimany in her individual capacity ("Samia El-Moslimany") and also in her capacity as Personal Representative of Ann Paxton El-Moslimany ("AnnEl-Moslimany"). Samia El-Moslimany, Trustee Brown and Trustee James may be referenced herein collectively as the "Parties" and/or each as a "Party."

## A.  RECITALS

1. Samia El-Moslimany filed a voluntary Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Washington (the "Court") on December 20, 2018 ("Samia Petition Date"), case number 18-14820 (the "Main Bankruptcy Case"). On the same date, Trustee Brown was appointed as the Chapter 7 Trustee. On the Samia Petition Date she was a 50% owner of real property located at 2655 SW 151st Place, Seattle, Washington 98166 (the "Property"). Ann Paxton El-Moslimany was the owner of the other 50% interest in the Property.

2. Ann Paxton El-Moslimany filed a voluntary Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Washington (the "Court") on December 29, 2020 ("Ann Petition Date"), case number 20-13149 (the "Main Bankruptcy Case"). On the same date, Trustee James was appointed as the Chapter 7 Trustee. On the Ann Petition Date she was the 50% owner of the Property

3. Trustee Brown commenced Adversary Proceeding 19-01116 on September 12, 2019 (the "Avoidance Adversary Proceeding") by filing a complaint to avoid a deed of trust that Samia El-Moslimany and Ann Paxton El-Moslimany granted to Aziza Al-Yousef (the "Transfer") under 11 USC §§ 544 and 548 and RCW 19.40. *et seq*. The Trustee asserts that the Transfer was constructively and actually fraudulent and thus avoidable.

4. [intentionally left blank]

5. Samia El-Moslimany disputes the Trustee's contention that the Transfer was a fraudulent transfer that he may avoid and recover under 11 U.S.C. § 544, 548, and 550 and denies that the deed of trust was granted in violation of any federal or state law.

6. Following good faith negotiations, the Parties have agreed to a settlement and compromise of the Adversary Proceeding on the terms and conditions set forth herein, in a manner that both Trustee Brown and Trustee James believes is mutually beneficial, fair and equitable to all parties, minimizes costs and attorney's fees, provides certainty to the Parties, resolves all issues in the Adversary Proceeding and is in the best interests of the Estate.

## B.  AGREEMENT

**NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:**

1. **Settlement Terms** Samia El-Moslimany agrees to pay the Trustees $300,000.00 (the "Settlement Payment") in settlement of the Avoidance Adversary Proceeding and other matters as described herein. The Trustee Parties agree to file motions to abandon the Property from their respective estates. Trustee Brown will dismiss the Avoidance Adversary Proceeding with prejudice after receipt of the Settlement Payment. Trustee James agrees not to file any adversary proceeding seeking the same or substantially the same relief. The Trustees Parties will continue their motion to list the Property for sale, currently pending for hearing on May 21, 2021, to a date on which the 9019 Motion (defined below) will be heard. Upon the Settlement Effective Date (defined below), the Trustees Parties will withdraw such motion with prejudice. On or before May 27, 2021, Samia El-Moslimany provide to the Trustee Parties a Declaration under penalty of perjury attesting that the $300,000 used to fund the Settlement Payment was provided substantially by independent donors and does not include property of the estate. The Declaration need not identify individual donors to the settlement fund. The Declaration may be filed with the Court in support of the 9019 Motion (defined below).

2. **Bankruptcy Court Approval.** This Agreement is binding upon the Parties and is subject to Court approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure. Within thirty (30) days of execution of this Agreement, both Trustee Brown and Trustee James shall file, serve, and set for hearing a motion to approve compromise of controversy under Rule 9019 of the Federal Rules of Bankruptcy Procedure (a "9019 Motion") and thereby seek entry of a court order approving this Agreement and the actions agreed to be taken pursuant to this Agreement. Within five business days after the court order granting the 9019 Motion and approving this Agreement becomes a final order, Samia El-Moslimany, through her counsel, Donald Bailey shall make the Settlement Payment. Upon receipt of the Settlement Payment in collected funds, the Trustee shall file pleadings with the Bankruptcy Court to dismiss the Adversary Proceeding with prejudice as set forth in greater detail in paragraph 7 of this Agreement.

3. **Settlement Effective Date.** The effective date of this Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) the orders of the Court approving this Agreement and abandonment of the Property shall have become final orders, and (ii) the Trustee has received the Settlement Payment in good funds (the "Settlement Effective Date")

4. **Trustee's Release.** Upon the Settlement Effective Date, both Trustee Brown and Trustee James solely in their capacity as Trustees, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Samia El-Moslimany and Ann Paxton El-Moslimany, and her probate estate, their attorneys, accountants, and the successors and assigns of any of them (collectively, the "El-Moslimany Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, have had, may have or may claim to have against the El-Moslimany Releasees in connection with the Transfer and Avoidance Adversary Proceeding, other than with respect to the Settlement Payment set forth in above Paragraph B.1.

Page 2 of 5

Case 18-14820-CMA    Doc 169    Filed 05/27/21    Ent. 05/27/21 19:45:01    Pg. 9 of 12

5. **Samia El-Moslimany Release.** Upon the Settlement Effective Date, Samia El-Moslimany in her individual capacity and also in her capacity as the Personal Representative of the Ann Paxton El-Moslimany probate estate shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Trustee Brown and Trustee James, their past or present attorneys, accountants, financial advisors, and the successors of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which Samia El-Moslimany in her individual capacity as well as in in her capacity as the Personal Representative of the Ann Paxton El-Moslimany probate estate has, has had, may have or may claim to have against any of the Trustee Releasees in connection with the Transfer and Adversary Proceeding. Without limiting the foregoing, Samia El-Moslimany shall not be entitled to a creditor's claim in the Ann Paxton El-Moslimany Bankruptcy Case or the Samia El-Moslimany bankruptcy estate. Ann Paxton El-Moslimany shall not be entitled to a creditor's claim in the Ann Paxton El-Moslimany Bankruptcy Case or the Samia El-Moslimany bankruptcy estate.

6. **No Admissions.** Each Party expressly recognizes that neither this Agreement, nor any other action taken to comply with this Agreement represents an admission of liability or responsibility on the part of any Party. Neither this Agreement nor any action taken to comply with its provisions shall be construed as, or used as, an admission of any fault, wrongdoing or liability whatsoever in this or any other matter.

7. **Dismissal of Claims.** Upon the Settlement Effective Date, the Parties shall prepare and file in the Adversary Proceeding, a stipulation of dismissal with prejudice, dismissing with prejudice all claims in the Adversary Proceeding (with each party to bear its own costs) pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, made applicable in the Adversary Proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure.

8. **Authority.** Each person signing this Agreement warrants that he or she has authority to bind the Party on whose behalf he or she is signing.

9. **Independent Counsel.** The Parties acknowledge and agree that they have each been represented in the negotiations and preparation of this Agreement by independent counsel of their choice, and that they have read this Agreement, have had its contents fully explained to them by such counsel, and are aware of the contents hereof and of its legal effect.

10. **Entire Agreement.** This Agreement contains the entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and there are no representations, inducements, promises or agreements, oral or otherwise, not embodied herein. Any and all prior discussions, negotiations, commitments and understandings relating thereto are merged herein. There are no conditions precedent to the effectiveness of this Agreement other than as stated herein, and there are no related collateral agreements existing between the Parties that are not referenced herein.

11. **Law.** This Agreement shall be governed by, construed and enforced in accordance

with the United States Bankruptcy Code, Title 11 of the United States Code. To the extent state law applies, this Agreement shall be governed by, construed and enforced in accordance with the internal laws of the state of Washington, without giving effect to principles and provisions thereof relating to conflict or choice of laws irrespective of the fact that any one of the parties is now or may become a resident of a different state. Any action to enforce this Agreement shall be brought in the United States Bankruptcy Court for the Western District of Washington. In any such action, the prevailing party shall be entitled to attorney's fees.

    **12.**    **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the respective Parties, and their legal representatives, successors, assigns and heirs.

    **13.**    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to constitute an original Agreement, and all of which shall constitute one Agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

[SIGNATURES ON NEXT PAGE]

_____
Ronald G. Brown, Chapter 7 Trustee
of the Samia El-Moslimany bankruptcy estate

Dated: _May 24_, 2021.

_____
Nancy James, Chapter 7 Trustee
of the Ann Paxton El-Moslimany bankruptcy estate

Dated: _May 26_, 2021.

_____
Samia El-Moslimany, in her individual capacity

Dated: May 20, 2021.

*[signature: Samia El-Moslimany]*

Samia El-Moslimany, in her individual capacity
as personal representative of the Ann Paxton
El-Moslimany probate estate

Dated: May 20, 2021.

*[signature]*

Aziza Alyousef, in her individual capacity

Dated: May 23, 2021.

Read and Approved