# AGREEMENT

This Agreement is entered into on the date last written below between Nancy L. James, Chapter 7 Trustee for the estate of Ann Paxton El-Moslimany, Case No. 20-13149 ("Trustee James"), and Ronald G. Brown, Chapter 7 trustee for the estate of Samia El-Moslimany, Case No. 18-14820 ("Trustee Brown").

Ann Paxton El-Moslimany ("Ann") is the mother of Samia El-Moslimany ("Samia"). They jointly owned real property located at 2655 S.W. 151st Place, Burien Washington, 98166 ("Property") for several years. There is a consensual first position deed of trust in favor of Washington Federal Bank in the approximate amount of $420,000. There is a consensual deed of trust in favor of Aziza Al-Yousef ("Al-Yousef"), which was recorded several weeks after a judgment was entered against Ann and Samia in the combined amount of approximately $1,800,000 in a defamation proceeding brought by Hayat Sindi ("Sindi") in Massachusetts District Court. There is a recorded judgment against Samia in favor of Sindi in the amount of $1,550,299.00 There is a recorded judgment against Ann in favor of Samia in the amount of $344,000.00. Sindi is the largest creditor in both the Samia bankruptcy estate and the Ann bankruptcy estate.

Samia El-Moslimany filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington at Seattle on December 20, 2018 under Case No. 18-14820; Ronald G. Brown was appointed the Chapter 7 trustee.

AGREEMENT

210521dAgr   Page 1

Ann Paxton El-Moslimany filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington at Seattle on December 29, 2020 under Case No. 20-13149. Nancy L. James was appointed the Chapter 7 Trustee. Ann Paxton El-Moslimany passed away on January 25, 2021.

On September 12, 2019, Trustee Brown filed Adversary No. 19-01116 (Adversary Proceeding) seeking to set aside and avoid the Al-Yousef deed of trust under 11 U.S.C. §§ 544 and 548 and RCW 19.40 *et. seq.*, asserting that the granting of the deed of trust was constructively and actually a fraudulent conveyance ("Adversary Proceeding").

After the Ann Petition Date, Trustee James learned she has almost identical claims against Al-Yousef, as does Trustee Brown; however, the parties would be entitled to only one recovery. Trustee James and her counsel have spent time investigating the Adversary Proceeding, and were discussing potentially filing a motion seeking to intervene in that Adversary Proceeding, hire counsel and work out a split of the proceeds with Trustee Brown.

Trustee Brown and Trustee James filed a motion in both the Ann and Samia bankruptcies seeking authority to list the Property for sale. As a result, they received a joint settlement offer for both Samia and Ann (through Samia, the named personal representative in Ann's Will). The parties attended the mediation and entered into a settlement agreement which provided for Trustee Brown agreeing to settle the Adversary Proceeding, and Trustee James waiving any claims she had arising from the Adversary Proceeding in exchange for payment of $300,000 for both estates. A motion is currently pending in each case to settle the Adversary Proceeding by a payment to both estates

**AGREEMENT**

210521dAgr   Page 2

for a total of $300,000. The settlement of the Adversary Proceeding is conditioned on Bankruptcy Court approval which is noted for approval on June 18, 2021.

The Adversary Proceeding has been fraught with complicated issues and facts that have required a substantial expenditure of legal resources to date. The Trustees seek an equitable distribution of the settlement proceeds, recognizing the additional expense Trustee Brown has put forth in reaching the settlement with Al-Yousef, his case having been filed two years earlier.

NOW, THEREFORE, based upon the foregoing recitals, which are hereby incorporated into this Agreement as if fully set forth herein, and in consideration of the mutual promises and covenants herein, the parties agree as follows:

1. Trustee James on behalf of the estate of Ann Paxton El-Moslimany, shall receive $60,000 of the $300,000 settlement proceeds of the Adversary Proceeding, and Trustee Brown will receive $240,000.00 in settlement of the Adversary Proceeding.

2. This Agreement is contingent upon the Bankruptcy Court entering a "Final Order." A Final Order is an order entered by the Bankruptcy Court, after notice to parties in interest, approving this Agreement where no objection to the entry of the order is filed. If an objection to the entry of an order approving this Agreement is filed, a Final Order is an order entered by the Bankruptcy Court approving this Agreement and the expiration of the fourteen day appeal period after the entry of that order, during which period neither a notice of appeal of the order nor a motion to reconsider the order is filed. If a Final Order approving this Agreement does not exist on or before 60 days from the date last written below, then this Agreement is null and void. If the

Bankruptcy Court denies the motion to approve this Agreement or denies the motion to approve the Adversary Proceeding settlement, then this Agreement is null and void. The Trustees will move to obtain an order approving this Agreement as soon as is reasonably possible and will use his or her best efforts to seek approval of this Agreement.

3. This Agreement is also contingent upon approval of the trustees' settlement of the litigation in the Adversary Proceeding.

4. The undersigned hereby declare that each is authorized to execute this Agreement and that the terms of this Agreement are for the express purpose of precluding forever any further additional claims or claims by either Trustee against the other bankruptcy estate.

5. This Agreement contains the entire agreement between the parties hereto and the terms of this Agreement are contractual and not a mere recital.

6. This Agreement shall be interpreted in accordance with the laws of the State of Washington.

////

////

////

////

////

**AGREEMENT**

210521dAgr   Page 4

7. This Agreement may be signed by the parties in counterparts and the signatures attached hereto which shall be as effective as if one document were signed by all.

DATED this ___10-13___ day of June, 2021.

_____
Nancy L. James, Bankruptcy Trustee for
Ann Paxton El-Moslimany

DATED this _____ day of June, 2021.

_____
Ronald G. Brown, Bankruptcy Trustee for
Samia El-Moslimany

7. This Agreement may be signed by the parties in counterparts and the signatures attached hereto which shall be as effective as if one document were signed by all.

DATED this _____ day of June, 2021.

_____
Nancy L. James, Bankruptcy Trustee for
Ann Paxton El-Moslimany

DATED this \_\_\_\_11-tht\_\_\_\_ day of June, 2021.

_____
Ronald G. Brown, Bankruptcy Trustee for
Samia El-Moslimany

**AGREEMENT**

210521dAgr   Page 5