|  | |
|---|---|
| Judge: | Christopher M. Alston |
| Chapter: | 7 |
| Hearing Date: | July 2, 2021 |
| Hearing Time: | 9:30 a.m. |
| Hearing Site | Telephonic – Call in instructions at end of document |
| Reply Date: | June 25, 2021 |

# UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

SAMIA EL-MOSLIMANY

Debtor.

Case No. 18-14820-CMA

DECLARATION OF RONALD G. BROWN IN SUPPORT OF TRUSTEE'S MOTION TO APPROVE AGREEMENT BETWEEN BANKRUPTCY ESTATES

RONALD G. BROWN declares under penalty of perjury of the laws of the State of Washington as set forth below.

1. I am over the age of 21 and am competent to make this Declaration based on personal knowledge.

2. I am the Chapter 7 Trustee in this case and the Plaintiff in Adversary Proceeding No. 19-01116.

3. I was appointed as the Chapter 7 Trustee in the above-referenced case on December 20, 2018. The main asset in this case is real property located at 2655 SW 151st Place, Seattle, WA 98166 ("Property"). The Debtor owns a 50% interest in the Property. As of the Petition Date, the Debtor's mother, Ann Paxton El-Moslimany, owned the other 50% interest in the Property ("Ann El-Moslimany").

4. Ann El-Moslimany ("Ann") filed a voluntary chapter 7 bankruptcy petition on December 29, 2020, Case No. 20-13149. Nancy James was appointed as the Chapter 7 Trustee on the same date. Ann El-Moslimany ("Ann") passed away on January 25, 2021.

DECLARATION OF RONALD G. BROWN

Page 1

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

5. The Property is owned one-half by my bankruptcy estate and one-half by the Ann El-Moslimany bankruptcy estate. Both Samia El-Moslimany and Ann El-Moslimany claimed the maximum homestead exemption in the Property of $125,000.

6. There is a consensual first position deed of trust in favor of Washington Federal Bank in the approximate amount of $420,000. There is a consensual deed of trust in favor of Aziza Al-Yousef ("Al-Yousef"), which was recorded several weeks after a judgment was entered against Ann and Samia in the combined amount of approximately $1,900,000 in a defamation proceeding brought by Hayat Sindi ("Sindi") in Massachusetts District Court. There is a recorded judgment against Samia in favor of Sindi in the amount of $1,550,299.00 There is a recorded judgment against Ann in favor of Sindi in the amount of $344,000.00. Sindi is the largest creditor in both the Samia bankruptcy estate and the Ann bankruptcy estate.

7. On January 25, 2013, Hayat Sindi ("Dr. Sindi") filed a complaint against Samia and Ann, seeking damages in the amount of $10,000,000.00 for defamation, tortious interference with contract, tortious interference with advantageous relations, and intentional infliction of emotional distress. After trial, the jury awarded damages of $3,500,000.00 against Debtor Samia El-Moslimany and $600,000.00 against Ann El-Moslimany, which was later reduced to $1,550,299.00 and $344,000.00. See Proof of Claim # 5 filed by Hayat Sindi in the Samia bankruptcy case and Proof of Claim #2 filed in the Ann case.

8. On September 1, 2016, the Debtor executed a Promissory Note in favor of Aziza Al-Yousef ("Al-Yousef"), in the amount of $346,666.00. The Deed of Trust securing a Promissory Note executed by Samia El-Moslimany was recorded in King County on November 7, 2016.

9. At my instruction, on September 12, 2019 my counsel filed a complaint seeking to avoid the deed of trust given to Al-Yousef as a fraudulent transfer. The case is pending under Adversary Proceeding No. 19-01116. In that Complaint I alleged that the granting of the Deed of Trust to Al-Yousef was done intentionally to at least hinder or delay, if not outright defraud, Dr.

DECLARATION OF RONALD G. BROWN

Page 2

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 172    Filed 06/11/21    Ent. 06/11/21 10:42:05    Pg. 2 of 4

Sindi and prevent her from reaching the equity in the Property to satisfy her judgments she held against Samia El-Moslimany and Ann El-Moslimany. I also alleged that the transfer, the granting of the Deed of Trust, was constructively fraudulent because the Debtor did not receive reasonably equivalent value in exchange for the transfer.

10. Nancy James is not a party to the Adversary Proceeding.

11. Samia and Ann, though her personal representative, Samia, have agreed to pay a total of $300,000 to obtain dismissal of the Adversary Proceeding and any clams that Nancy James has that relate to the Al-Youssef deed of trust.

12. I agreed with Trustee James to split the settlement proceeds 80-20, with 80% going to the Samia estate. There are various reasons for the split. If I prevailed on my Complaint and the Al-Yousef deed of trust was avoided and preserved I would have stepped into the shoes of the second position deed of trust as to the entire property, not just as to Samia's 50% interest. Also, I believe that Hayat Sindi would be the main beneficiary of the avoidance of the deed of trust. Ms. Sindi's total claim is $1,900,000, 18% of which is secured by a judgment against Ann's 50% interest in the Property and the remaining 82% is secured by a judgment lien on Samia's 50% interest in the Property. Finally, my counsel and I did all the work and incurred all of the fees relating to the Adversary Proceeding. The Adversary Proceeding has been very complicated with novel issues and innovating arguments.

13. Using my best business judgment, I believe that an Agreement which provides that my estate receives 80% of the settlement proceeds is fair and in the best interest of the creditors.

14 I seek approval from this Court for the Trustee to execute all documents necessary to effectuate the Agreement Between Estates entered into between the parties. A copy of the Agreement Between Parties is attached to this Motion/Notice of Hearing and is being included in the mailing that will be sent to all creditors.

DECLARATION OF RONALD G. BROWN

Page 3

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Signed and dated this 11th day of June, 2021 at Seattle, Washington.

_____
Ronald G. Brown
Attorney Chapter 7 Trustee

DECLARATION OF RONALD G. BROWN

Page 4

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 172    Filed 06/11/21    Ent. 06/11/21 10:42:05    Pg. 4 of 4