UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>SAMIA EL-MOSLIMANY<br><br>Debtor | Case No. 18-14820-CMA<br>Chapter 7<br><br>**DEBTOR'S REPLY IN SUPPORT OF PROPOSED COMPROMISE** |

COMES NOW Samia El-Moslimany ("Debtor" or "El-Moslimany"), and submits the following reply in support of the trustee's motion to approve the compromise and settlement between the Debtor and the trustee.

The question before the Court is whether the trustee exercised reasonable business judgment in entering into the settlement with the Debtor. The Court should not substitute its business judgment for that of the trustee; still less should it substitute a single creditor's judgment for that of the trustee. No one creditor should have a veto over the administration of the estate by the trustee.

This hearing is not about whether El-Moslimany's debt to Dr Sindi is dischargeable. Yet the opposition filed by Dr Sindi begins with a recitation of how egregious El-Moslimany's conduct was, and attaches a copy of the First Circuit opinion in the defamation case. This is more than is necessary to point out that Dr Sindi holds the largest unsecured claim. Perhaps for her this case is more about emotional issues than financial issues. Dr Sindi may have motives and priorities that are different than

DEBTOR'S REPLY - 1

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 910 2384
donald.bailey@shaferbailey.com

the trustee's mandate to administer the bankruptcy estate.  All that can be said with certainty is that Dr Sindi participated in the Thomas T Glover Mediation Program mediation, and the parties were unable to reach agreement with her on any issue.

The agreement between the trustees and Dr Sindi to market the El-Moslimany residence was subject to court approval.  Like any other agreement subject to court approval, such as a proposed sale of property, the deal is not binding until approved by the court, and is always subject to the trustee receiving a better offer.  Here, the Debtor and the trustees had been negotiating for months, and had exchanged offers in the $175,000 to $185,000 range.  Faced with the prospect of having the residence sold, El-Moslimany was able to raise additional funds from third-party donors to come up to the $300,000 settlement figure.

The trustee has capably articulated how the settlement meets the standards of *In re A&C Properties*, 784 F.2d 1377 (9th Cir. 1986).  Dr Sindi argues that, in addition to the generally articulated *A&C* standards, the settlement must be found to be "fair and equitable".  This is based on a statement in the *A&C* opinion: "It is clear that there must be more than a mere good faith negotiation of a settlement by the trustee in order for the bankruptcy court to affirm a compromise agreement. The court must also find that the compromise is fair and equitable. *See e.g., Citibank, N.A. v. Baer,* 651 F.2d 1341, 1345-46 (10th Cir. 1980)." *In re A&C Properties*, 784 F.2d at 1381 (9th Cir. 1986).  However, it should be noted that both *Citibank v Baer* and *A&C Properties* were Chapter 11 (or Chapter X) cases, where the "fair and equitable" standard for cram-down has a long and detailed history, and in both these cases, the proposed compromise was part and parcel of a reorganization.  Considered in this light, the Court should not make "fair and equitable" a separate test in addition to the generally articulated *A&C* standards.

If the trustee were to list and sell the El-Moslimany residence, the estates are

DEBTOR'S REPLY - 2

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 910 2384
donald.bailey@shaferbailey.com

projected to receive about $39,000 to $45,000 - half the net proceeds after setting aside the amount secured by the Al-Yousef deed of trust. Then the trustee would have to prevail in the Brown v Yousef adversary proceeding for there to be any further recovery. The *maximum* recovery in the adversary proceeding would be the amount of the set-aside, variously $446,000 (trustees' amount) or $574,536 (Debtor's and Al-Yousef's amount). The trustee estimates that an additional $125,000 of fees will be incurred to take the case through trial. The need to obtain evidence in Saudi Arabia is no small logistical hurdle to the trustee's case. So the *maximum* net recovery would be $360,000 to $494,536. Based on a 75% chance of prevailing at trial, the projected value of the claim against Al-Yousef is something like $270,000 to $370,900. If the chance of the trustee prevailing at trial is 50%, the value of the claim against Al-Yousef declines to $180,000 to $247,000.

Against this, the Debtor has offered the trustees a guaranteed recovery of $300,000, with no litigation risk. It cannot be said that the trustees have not exercised sound business judgment in this situation, or that the settlement is not in the best interests of creditors. Where reasonable minds can differ as to the optimum course of action, the choice the trustee has made must be honored by the court.

Of course, projecting the probability of success in an adversary proceeding is at best an inexact and speculative endeavor. The Debtor believes the trustee will have a harder time winning the Brown v Yousef lien avoidance adversary proceeding than the trustee does. Actual fraud is notoriously hard to prove by circumstantial evidence alone. In the case of an allegedly fraudulent security interest, the fact that substantial amounts of money were actually loaned by the creditor to the debtor, undercuts any circumstantial evidence of fraudulent intent. Put another way, a party who is conspiring

DEBTOR'S REPLY - 3

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 910 2384
donald.bailey@shaferbailey.com

to fraudulently encumber a piece of property does not normally loan the debtor $575,000 of real money. Moreover, a debtor's motive to prefer one creditor over another is not evidence of actual fraud sufficient to avoid a properly recorded deed of trust. Certainly, the Debtor intends to defend the Brown v Yousef adversary proceeding vigorously. A portion of the funds donated for the settlement can be used to fund that defense if the settlement is not approved.

Dr Sindi argues that the Debtor's residence may be worth more than the trustee's realtor's estimate. Dr Sindi's evidence consists of screenshots of the Zillow and Redfin web sites (Exhibits H and I to the Wisen declaration, Docket 175). These are inadmissible hearsay: out of court statements offered to prove the truth of their contents, that is, the actual value of the property. Evidence Rule 801(c). Hearsay is inadmissible unless an exception applies. Evidence Rule 802. There is no applicable exception; these screenshots are neither business records nor public records, and so are inadmissible. In any event, according to Zillow, a Zillow estimate in Seattle is accurate to within 5% of the actual value less than 62% of the time. https://www.zillow.com/z/zestimate/.

Ms El-Moslimany submits that deferred maintenance on the residence, including the sprinkler system, the furnace and the water heater; and the fact that the view of Puget Sound is now obscured by vegetation on adjoining properties, are not reflected in the Zillow or Redfin "estimates", and would drive the price down in an actual sale scenario.

There is no evidence that El-Moslimany has violated the (subsequently overturned) injunction of the District Court to refrain from defamatory statements about Dr Sindi, or that she has demonstrated "malice" towards Dr Sindi in these proceedings.

DEBTOR'S REPLY - 4

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 910 2384
donald.bailey@shaferbailey.com

(Objection to Settlement, Docket # 174 at page 3, line 9.) Nor is there any evidence that she would refuse to vacate the premises if so ordered. (Objection to Settlement, Docket # 174 at page 8, lines 3-10.)

The Debtor has provided the trustee with a sworn declaration as to the source of the settlement funds, demonstrating that the funds did not come, directly or indirectly, from property of the debtor or the estate.

Dr Sindi claims that she has the right to pursue avoidance of the Al-Yousef deed of trust even if the settlement with the Debtor is approved, and complains that she will have to re-create the work the trustee has already done. (Objection to Settlement, Docket # 174 at page 10, lines 1-8.) However, the settlement will extinguish any cause of action for avoidance under state law. "[A] trustee's settlement with and release of the recipient of a fraudulent transfer from all of the trustee's claims under section 544 and the state Uniform Fraudulent Transfer Act bars any other creditor, even one who may have a pending suit against the transferee on the same claim, from pursuing the transferee on that cause of action." 5 **Collier on Bankruptcy** P 544.06 (16th 2021), citing *In re Berg*, 376 B.R. 303, 315 (Bankr. D. Kan. 2007). See also *Ciolino v. Ryan (In re Ryan)*, 2008 Bankr. LEXIS 2968 (Bankr. N.D. Cal. Oct. 29, 2008). In any event, the Al-Yousef deed of trust was recorded in 2016, so the statute of limitation on any such avoidance action has long passed. R.C.W. 19.40.091.

Litigation is costly and uncertain. The trustees might hit a home run, which would generate marginally more for creditors than the settlement offered by the Debtor. Or the trustees might strike out, leaving the estates administratively insolvent. The Court should decline the objecting creditor's request to force the trustees to gamble, not

DEBTOR'S REPLY - 5

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 910 2384
donald.bailey@shaferbailey.com

only with their own administrative expenses, but also with the recovery of all the other creditors. The Court should approve the proposed compromise between the trustees and the Debtor.

Dated: June 15, 2021

                                               DONALD A BAILEY
                                               Attorney at Law

                                               /s/ Donald A Bailey
                                               WSB#12289
                                               Attorney for Debtor

DEBTOR'S REPLY - 6

**DONALD A BAILEY**
1601 Fifth Avenue, #610
Seattle WA 98101
206 910 2384
donald.bailey@shaferbailey.com