**Below is the Order of the Court.**

_____
**Christopher M. Alston
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Chapter 7 |
| Samia El-Moslimany, | Case No. 18-14820 |
| | ORDER ON MOTION FOR RECONSIDERATION |
| Debtor. | |

This matter came before the Court on the Debtor's Motion for Reconsideration of Motion to Approve Settlement and Compromise (the "Motion") [Dkt. 199]. The Court entered its order denying the Trustee's Motion to Approve Compromise and Settlement on June 21, 2021 (the "Order") [Dkt. 187], after a hearing on the Trustee's motion on June 18, 2021, at which the Court made findings of fact and conclusions of law incorporated by reference into the Order. The Debtor requests reconsideration of the Order because she contends the Court made erroneous findings of fact.

Order - 1

**Below is the Order of the Court.**

Motions for reconsideration are disfavored and are usually to be denied without a showing of either manifest error or of new facts or law that could not have previously been brought before the Court with reasonable diligence. Local Civil Rule 7(h)(1), applicable through Local Bankruptcy Rule 9013-1(h). The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling. Local Civil Rule 7(h)(2).

The Debtor has shown no manifest error and no new facts or law that could not have previously been brought before this Court. On motion by the trustee and after notice and a hearing, the Court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a). The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). To determine whether a compromise is "fair and equitable," the Court should consider: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in collection; (3) the litigation's complexity and its attendant expense, inconvenience, and delay; and (4) the paramount interest of the creditors with a proper deference to their reasonable view. *Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The Debtor asserts the Court did not properly consider the expense of the litigation for the estate. While the Trustee's motion estimated expenses of $125,000, the Debtor argues that the Court should anticipate litigation expenses of at least $75,000 for the estate. The Debtor provides no basis for this estimate, nor does she address the several specific errors in Trustee's analysis raised by the Court at the hearing. Indeed, the Debtor's argument confirms the Court's conclusion that the Trustee substantially over-estimated the likely litigation expenses.

The Debtor next contends the Court erroneously concluded the settlement is not in the best interest of creditors. She argues the Court ignored the risk of zero recovery if the Trustee does not prevail in his litigation. The Debtor also asserts that the Court improperly considered risks to the estate arising from the Trustee's decision to seek approval of the settlement after

Order - 2

entering into a binding agreement with creditor Hayat Sindi ("Sindi") that the Trustee was required to dishonor under the settlement.

These arguments fail to demonstrate the Court made any manifest error when determining whether the interest of creditors was best served by the settlement. First, the Debtor herself ignores the fact that Sindi, the largest creditor by far in this case, objected to the settlement and no other creditors voiced support for it. Binding case law required the Court to afford proper deference to the reasonable views of Sindi. Second, the Debtor's assertion that the Court completely discounted the chance of a $0.00 net recovery in the litigation is false. The Court expressly recognized that there are costs and risks with litigation but agreed with the Trustee's assessment that he has a 75% chance of prevailing and noted the Trustee's motion failed to consider the risks of potential breach claims by Sindi. Third, the Trustee presented the Court with two conflicting settlements, and by seeking Court approval of the settlement agreement with the Debtor first the Trustee gave rise to potential claims by Sindi at the time of the hearing. It is immaterial that the Court subsequently denied approval of agreement with Sindi. The Trustee failed to address these risks in his motion to approve the settlement and the Debtor ignores this failure in her Motion.

The Debtor also complains the Court failed to review the Debtor's reply brief [Dkt. 180] and additional written evidence [Dkt. 181] she filed three days before the hearing. First, the Court did not refuse to consider the additional evidence and did in fact review the declaration. Second, the Debtor does not provide any argument as to why it was manifest error for the Court to strike the brief. The Local Rules of Bankruptcy Procedure plainly provide that only the moving party may file a reply brief. LBR 9013-1(d)(6). The Trustee, not the Debtor, was the moving party, and the Debtor therefore was not authorized to file a reply brief. Assuming for the purposes of this Motion only that the Debtor had standing to respond to the Trustee's motion, she was required to file any response a week before the hearing. LBR 9013-1(d)(5). The brief she filed was late, and the Court made no error in refusing to consider it.

The Debtor accuses the Court of making "erroneous factual statements about the status of the Debtors' homestead exemptions." Yet the Debtor fails to identify *any* statements by the

**Below is the Order of the Court.**

Court that she alleges were factually erroneous, and she could not do so if she tried—the Court made no statements that suggested in any way the Debtor's homestead was at issue or in dispute.

Finally, the Debtor presents no evidence that the Trustee is willing to proceed with the settlement. Once the Court denied the Trustee's motion, he immediately undertook efforts to prosecute his claims in the litigation (See A.P. No. 19-1116 and the pending motion to compel discovery answers) and to employ a broker and sell the real property (see Dkt. 189)—acts contrary to the terms of the settlement with the Debtor. Given that Fed. R. Bankr. P. 9019(a) authorizes only the Trustee to seek approval of a compromise, query whether the Debtor has the authority to seek reconsideration of the denial of the Trustee's motion. Putting aside that legal question, if the Trustee has moved on after the Court rejected the settlement then the Debtor's Motion is an attempt to force the Trustee back into the agreement.

Now, therefore, it is hereby

ORDERED that the Motion is DENIED.

/// END OF ORDER ///

Order - 4