| | |
|---|---|
| Judge: | Christopher M. Alston |
| Chapter: | 7 |
| Hearing Date: | September 17, 2021 |
| Hearing Time: | 9:30 a.m. |
| Hearing Site | Telephonic – Call in instructions at end of document |
| Reply Date: | September 10, 2021 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>SAMIA EL-MOSLIMANY<br><br>Debtor. | Case No. 18-14820-CMA<br><br>NOTICE OF HEARING ON AND TRUSTEE'S AMENDED MOTION TO APPROVE COMPROMISE AND SETTLEMENT |

# I. NOTICE

**PLEASE TAKE NOTICE** that Ronald G. Brown, the Chapter 7 Trustee ("Trustee Brown") has filed an amended motion asking this Court to Approve a Compromise and Settlement of Adversary Proceeding No. 19-01116 (the "Trustee's Amended Motion"). As part of the proposed settlement, the debtor's residence will be abandoned from the bankruptcy estate and three creditors will withdraw their claims with prejudice.

**PLEASE TAKE FURTHER NOTICE** that the Debtor, Samia El-Moslimany, has filed a joinder in support of the Trustee's Amended Motion (docket #227).

**The hearing on the Trustee's Amended Motion and the Debtor's Joinder IS SET for hearing on Friday, September 17, 2021 at 9:30 a.m. The hearing will be conducted telephonically. The instructions to call in for the hearings are set forth at the end of this document.**

## II. INTRODUCTION

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 1

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 1 of 19

Trustee Brown is requesting that this Court approve a new settlement reached in Adversary Proceeding No. 19-01116. He believes the reasons stated by this Court for its denial of the previous motion to approve a settlement have been addressed in this amended motion. The Property was listed, and there was not much interest in the Property. The Trustees' real estate agent had only a few calls from parties wanting to view the Property. The Trustees did receive a contingent offer for $1,300,000 which Trustee Brown did not accept because of the contingencies. Trustee Brown believes his experience of listing of the Property indicates that the market value is not more than $1,300,000 and not a higher amount previously suggested. The current settlement offer is for $500,000, $200,000 more than the previous settlement offer. In addition, it includes waiver of the three filed insider claims of $544,211.17. This proposed settlement also moots Trustee Brown's objections to two of the insider claims (docket 163 and 164) and allows Trustee Brown to close the case.

### III. FACTUAL BACKGROUND

**General Background**

2.1  Samia El-Moslimany filed a voluntary Chapter 7 bankruptcy petition on December 20, 2018 ("Petition Date"). Ronald G. Brown was appointed as the Chapter 7 Trustee the same day ("Trustee Brown"). Among assets of the estate is real property located at 2655 SW 151st Place, Seattle, WA 98166 ("Property"). The Debtor owns a 50% interest in the Property. As of the Petition Date, the Debtor's mother, Ann Paxton El-Moslimany, owned the other 50% interest in the Property ("Ann El-Moslimany").

2.2  Ann El-Moslimany filed a voluntary chapter 7 bankruptcy petition on December 29, 2020, case no. 20-13149. Nancy James ("Trustee James") was appointed as the Chapter 7 Trustee on the same date.

2.3  Ann El-Moslimany passed away on January 25, 2021.

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 2

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 2 of 19

2.4 The Property is owned one-half by the Samia El-Moslimany bankruptcy estate and one-half by the Ann El-Moslimany bankruptcy estate. Both Samia El-Moslimany and Ann El-Moslimany claimed the maximum homestead exemption in the Property of $125,000.

**Brown v. Yousef**

2.5 On January 25, 2013, Hayat Sindi ("Dr. Sindi") filed a complaint against the Debtor and her mother, Ann El-Moslimany, seeking damages in the amount of $10,000,000.00 for defamation, tortious interference with contract, tortious interference with advantageous relations, and intentional infliction of emotional distress (the "Massachusetts Lawsuit"). See Adversary Proceeding Number 19-01116 - Docket #1, Exhibit 1.

2.6 After trial, the jury awarded damages of $3,500,000.00 against Debtor Samia El-Moslimany and $600,000.00 against Ann El-Moslimany, which was later reduced to $2,107,808.88 and $518,250.85, respectively[1]. On August 18, 2016, a Final Judgment was entered against the Debtor and Ann El-Moslimany. See Adversary Proceeding Number 19-01116- Docket #1, Exhibit 7.

**The Granting and Recording of the Deed of Trust and the Alleged Loans**

2.7 On September 1, 2016 the Debtor executed a Promissory Note in favor of Aziza Al-Yousef ("Al-Yousef"), in the amount of $346,666.00. The Deed of Trust securing a Promissory Note executed by Samia El-Moslimany was recorded in King County on November 7, 2016. See Adversary Proceeding Number 19-01116- Docket #1, Exhibit 11. The Promissory Note specifically states that there is no interest charged on the alleged loans. See Brown Declaration, docket 226, paragraph 7 ("Brown Declaration").

2.8 On or about May 28, 2017 the Debtor executed a Promissory note to Al-Yousef to document an alleged $100,000.00 loan. See Adversary Proceeding Number 19-01116- Docket #1, Exhibit 18.

---

[1] On Appeal, the judgment was reduced to $1,500,000 and $344,000, respectively.

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 3

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 3 of 19

2.9     On or about July 25, 2019 the Debtor executed a promissory note to Al-Yousef to document an alleged $26,666.66 loan.  See Adversary Proceeding Number 19-01116 - Docket #1, Exhibit 19.

2.10    Trustee Brown filed a complaint to avoid the transfers set forth in 2.27, 2.28 and 2.29 which total $472,666.00 and were specifically mentioned in his Complaint. The Debtor's schedules list the amount owing on the Al-Yousef deed of trust as $500,000.00. Brown Declaration, ¶ 9. Ann El-Moslimany scheduled the amount owing on the Deed of Trust as $540,000.00.

2.11    The Debtor is now contending the actual amount owing on the Deed of Trust is $574,536 (dkt. #130-1).   The additional $104,720 is not evidenced by a Promissory Note. The Debtor contends, however, that it is secured by the future advance provision contained in the Deed of Trust.  Brown Declaration, ¶10.

2.12    By Trustee Brown's estimation, the amount of the deed of trust ranges from $472,666.00 to $574,536.  Brown Declaration, ¶ 11.

2.13    Trustee Brown alleged in his Adversary complaint that the granting of the Deed of Trust to Al-Yousef was done intentionally to at least hinder or delay, if not defraud, Dr. Sindi and prevent her from reaching the equity in the Property to satisfy her judgments against Samia El-Moslimany and Ann El-Moslimany.  Trustee Brown also alleged that the transfers, the granting of the Deeds of Trust ("Transfer"), were constructively fraudulent because the Debtor did not receive reasonably equivalent value in exchange for the transfer.

**Current Status of the Adversary Proceeding**

2.14    The trial in Adversary Proceeding 19-01116 was set to be held on September 21, 22 and 23, 2021.   The Plaintiff and the Debtor/Intervenor have sent a letter to the Court requesting a continuance of the trial dates pending a hearing on this motion.

**Status of the Listing of the Property and analysis from the sale of the Property**

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 4

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 4 of 19

2.15 The Property was listed for sale on June 29, 2021 for a price of $1,295,000. There were only two showings of the Property, both to the same couple. On July 16, 2021, Trustees Brown and James received an offer of $1,300,000.00, contingent on the sale of the buyer's residence which they listed for sale the same day as they made the offer. On July 23, 2021, Trustees Brown and James rejected the offer because of the contingencies. On July 23, 2021, Trustees Brown and James requested that their real estate agent suspended the listing for one week pending determination as to whether they were going to accept the $500,000 offer from the Debtor. The reason the listing was suspended was because Trustees Brown and James believed that if an agent brought them a full price offer with no contingences, the estate would potentially be exposed to a claim for the amount of the buyer's real estate commission if the offer were not accepted. Trustees Brown and James agreed to accept the settlement offered on Thursday, July 29, 2021. On July 30, 2021, the listing was suspended for one more week. On August 2, 2021, the agent received an offer for $1,300,000 from the original offeror, with no contingencies, despite the fact the listing was suspended. Brown Declaration, ¶12 and Declaration of Rik Jones.

2.16 An analysis of the amount Trustee Brown believes the estate would receive from a sale of the Property at $1,300,000 under three scenarios follows.

### SCENARIO 1: AMOUNT OF YOUSEF DOT $472,666.00

| | |
|---|---|
| Sales Price | $1,300,000.00 |
| Costs of sale @8% | $ 104,000.00 |
| Subtotal | $1,196,000.00 |
| Payoff to 1st, WA Fed. | $ 420,000.00 |
| Payoff to 2nd – Al-Yousef | $ 472,666.00 |
| Subtotal | $ 303,000.00 |
| Homestead for Samia & Ann El-Moslimany | $ 250,000.00 |

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 5

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 5 of 19

Net proceeds subject to judgment lien of Hayat Sindi $ 53,334.00[2]

**SCENARIO 2: AMOUNT OF YOUSEF DOT $500,000**

| | |
|---|---|
| Sales Price | $1,300,000.00 |
| Costs of sale @8% | $ 104,000.00 |
| Subtotal | $1,196,000.00 |
| Payoff to 1st, WA Fed. | $ 420,000.00 |
| Payoff to 2nd – Al-Yousef | $ 500,000.00 |
| Subtotal | $ 276,000.00 |
| Homestead for Samia & Ann El-Moslimany | $ 250,000.00 |
| Net proceeds subject to judgment lien of Hayat Sindi | $ 26,000.00 |

**SCENARIO 3: AMOUNT OF YOUSEF DOT $574,536**

| | |
|---|---|
| Sales Price | $1,300,000.00 |
| Costs of sale @8% | $ 104,000.00 |
| Subtotal | $1,196,000.00 |
| Payoff to 1st, WA Fed. | $ 420,000.00 |
| Payoff to 2nd – Al-Yousef | $ 574,536.00 |
| Subtotal | $ 201,464.00 |
| Homestead for Samia & Ann El-Moslimany | $ 201,464.00 |
| Net proceeds subject to judgment lien of Hayat Sindi | $ 0.00 |

See Brown Declaration, ¶ 13.

**Settlement Offer**

2.17 The Debtor has offered Trustees Brown and James $500,000.00[3] to settle the Adversary Proceeding and abandon the Property, in addition to the withdrawal of three proofs of

---

[2] For a sale to occur, Hayat Sindi would have to agree to split the net proceeds with the estate, which would result in $26,667, one-half of which ($13,333.50) would have to be paid to unsecured creditors, and the Court would be required to find the KVN requirements had been made in order to approve a short-sale.

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 6

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 6 of 19

claim: 1) Claim #6 filed by Sulayman Dehlawi in the amount of $130,000.00; 2) claim #7 filed by Fouad Mohammed Amin Al Dehlawi in the amount of $178,676.67. Trustee Brown filed an objection to this proof of claim; see docket #163. In his response to Trustee Brown's objection, he now contends the amount owed to him is $327,891.00 (docket #176); and 3) Claim #8 filed by Zakariya Dehlawi in the amount of $86,320.17. The claim was not timely filed. Trustee Brown has not yet filed an objection to the claim but absent a settlement will do so on the basis it is an untimely filed claim and occupies the priority status of a Section 726(a)(3) claim. All three of these claimants are insiders of the Debtor. All three claimants have agreed to withdraw their claims, with prejudice, if a settlement is approved. The claims total $544,211.17. The remaining claims total $1,679,277.90. Hayat Sindi makes up 92.3% of the remaining claims pool in the Samia El-Moslimany case. Brown Declaration, ¶ 14-18.

  2.18 Trustee Brown based his decision to accept this settlement upon the four factors set forth in the case of A&C Properties, 784 F.2d 1377 (9th Cir. 1986), which are set forth and discussed below. Using his business judgment, he believes the proposed settlement is in the best interests of the unsecured creditors of his bankruptcy estate.

### IV. ARGUMENT

*A. Probability of Success in Litigation.*

  Trustee Brown believes he has a 75% chance of proving that the transfers to Al-Yousef were actually and/or constructively fraudulent. Brown Declaration, ¶ 20.

*B. Difficulties to be encountered in the matter of Collection.*

  If Trustee Brown were to prevail, he would step into the shoes of Al-Yousef and he would be the holder of the Deed of Trust. Trustee Brown believes there is substantial equity in the Property and, as such, he does not believe there would be much difficulty in collecting on the

---

[3] The $500,000 is in the trust account of Elena Garella.

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 7

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA Doc 243 Filed 08/27/21 Ent. 08/27/21 14:44:49 Pg. 7 of 19

judgment. Trustee Brown believes the amount of the deed of trust would be between $472,666. and $574,666.

### C. Complexity of litigation and expense, inconvenience and delay attendant therewith.

Trustee Brown estimates between now and the conclusion of a trial an additional $30,000 in legal fees and expenses would be incurred in preparing for and attending a three-day trial. Brown Declaration, ¶ 22-24.

Trustee Brown does not believe the trial would be especially complicated. He does believe that there would be a few motions in limine that would have to be decided before the trial. Brown Declaration, ¶23.

Trustee Brown decided to accept the settlement offer largely based on the scenarios described above, because under both Scenario 1 and 2, the estate will receive almost the exact same amount as the settlement offer, but without the expense of preparing for and attending a trial, and without running the risk of the 25% chance (in Trustee Brown's opinion) of not prevailing at trial. Under Scenario 3, the estate would potentially receive $75,000 more in funds if he prevailed at trial. However, Trustee Brown would incur the cost of not only going to trial, which he estimates to be $30,000, but also the cost to obtain a determination of the validity of the insider claims.

Trustee Brown deems it probable that the Court would convert the insider claims objections into contested matters and he would incur legal fees in resolving those claims. Even if the both objections were resolved quickly it is likely the estate would incur another $5,000 - $10,000 to resolve those claims and object to the third insider claim.

Assuming Trustee Brown prevailed at trial, he would have to put the Property back on the market in order to collect on his judgment. Three months from now the Property might generate another offer of $1,300,000, or more, and it might not. Clearly, the payoff to the first position deed

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 8

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 8 of 19

of trust holder would increase. Further Trustee Brown would incur attorney's fee to prepare the motion to approve the sale and defend it, because it seems highly likely the Debtor would object. Assuming Trustee Brown's estimates of fees are remotely accurate, and another $40,000 of fees are incurred between now and the sale of the Property to satisfy any judgment Trustee Brown obtained at trial, the amount available to creditors would be approximately $535,000, $35,000 more than the current offer. Trustee Brown does not believe that is worth the risk. Brown Declaration, ¶ 24.

Trustee Brown is not interested in settling this Adversary Proceeding to just incur legal fees in potentially two additional contested matters relating to the pending objections to claims, and filing a third objection to the untimely filed claim. Trustee Brown is of the firm belief that all parties are substantially benefitted in resolving this Adversary Proceeding and closing this case. Brown Declaration, ¶ 24.

D.  *Best Interest of Creditors.*

Trustee Brown believes the interest of the creditors is best served by agreeing to accept the settlement and avoiding the limited possibility of an adverse result at trial, but more importantly, avoiding the estate from incurring further legal fees at the three-day trial in the Adversary Proceeding and prosecuting the two pending objections to claims. Trustee Brown firmly believes that all parties would benefit from settling this matter and closing the case. Brown Declaration, ¶ 25.

V.  CONCLUSION

Trustee Brown asks this Court to approve the proposed settlement and believes it is in the best interests of creditors.

VI. OBJECTIONS

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 9

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 9 of 19

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to approve the Trustee's Amended Motion and/or Debtor's Joinder, or if you want the court to consider your views on the Trustee's Amended Motion and/or Debtor's Joinder, including a statement supporting the motion, then on or before Friday, September 10, 2021, you, or your attorney must file your objection with the court and serve a copy upon Denice Moewes, Wood & Jones, P.S., 303 N. 67th Street, Seattle, WA 98103.

If you mail your response, objection or comment to the Court and counsel, you must mail it early enough so that the court will receive it on or before the date stated above.

The debtors in each of the bankruptcy cases have filed a joinder in support of the Trustee's Amended motion to approve the settlement. Copies of the debtor's joinder is available by email request to donald.bailey@shaferbailey.com or can be found at docket #227.

If you or your attorneys do not take these steps, the Court may decide that you do not oppose the Trustee's Amended Motion and/or the Debtor's Joinder and may enter an order granting the relief requested in the Trustee's Amended Motion and/or the Debtor's Joinder.

Further information regarding the Trustee's Amended Motion may be obtained by telephoning Denice E. Moewes, at (206) 623-4382.

Dated this 27th day of August, 2021.

                                                WOOD & JONES, P.S.

                                                */s/ Denice E. Moewes*
                                                Denice E. Moewes, WSBA # 19464
                                                Attorney for Chapter 7 Trustee Ronald Brown

Dial In Instructions:

    Dial: **1-888-363-4749**
    Enter Access Code: **8955076 then press #**

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 10

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA   Doc 243   Filed 08/27/21   Ent. 08/27/21 14:44:49   Pg. 10 of 19

Enter Security Code: **3564 then press #**
Speak when prompted

Guidelines:
1. Use a land line phone and not a cell phone, if possible. Do not use a speaker phone.
2. Make the call from a quiet area where background noise is minimal.
3. Wait until the Judge calls your case before speaking.
4. Do not put the phone on hold at any time after the call is connected.
5. In the event you are unable to connect to the conference call after following the above procedures, please contact chambers at (206) 370-5330.

NOTICE OF HEARING ON AND TRUSTEE'S
AMENDED MOTION TO APPROVE SETTLEMENT

Page 11

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 18-14820-CMA    Doc 243    Filed 08/27/21    Ent. 08/27/21 14:44:49    Pg. 11 of 19

# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered by and among Ronald G. Brown, Chapter 7 Trustee ("Trustee Brown") for the bankruptcy estate of Samia El-Moslimany (the "Samia Estate"); Nancy James, Chapter 7 Trustee ("Trustee James") of the Ann Paxton -El-Moslimany bankruptcy estate ("Ann Estate") (Trustee Brown and Trustee James are referred to herein as the "Trustee Parties"); debtor Samia El-Moslimany in her individual capacity ("Samia El-Moslimany" or "Intervenor") and also in her capacity as Personal Representative of Ann Paxton El-Moslimany ("Ann El-Moslimany"); Aziza Al-Yousef ("Defendant"); and Sulayman Dehlawi, Zakariya Dehlawi, and Fouad A Dehlawi, each of whom has filed a proof of claim herein (the "Claimant Parties"). Samia El-Moslimany, the Trustee Parties, the Defendant and the Claimant Parties may be referred to herein collectively as the "Parties" and/or each as a "Party."

## A. RECITALS

1. Samia El-Moslimany filed a voluntary Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Washington (the "Court") on December 20, 2018 "(Samia Petition Date"), case number 18-14820 (the "Main Bankruptcy Case"). On the same date, Trustee Brown was appointed as the Chapter 7 Trustee. On the Samia Petition Date she was a 50% owner of real property located at 2655 SW 151st Place, Seattle, Washington 98166 ("the Property"), legally described on Exhibit A. Ann Paxton El-Moslimany was the owner of the other 50% interest in the Property.

2. Ann Paxton El-Moslimany filed a voluntary Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Washington (the "Court") on December 29, 2020 ("Ann Petition Date"), case number 20-13149 (the "Main Bankruptcy Case"). On the same date, Trustee James was appointed as the Chapter 7 Trustee. On the Ann Petition Date she was the 50% owner of the Property

3. Trustee Brown commenced Adversary Proceeding 19-01116 on September 12, 2019 (the "Avoidance Adversary Proceeding") by filing a complaint under 11 USC §§ 544,548 and RCW 19.40. *et seq.* to avoid a deed of trust that Samia El-Moslimany and Ann Paxton El-Moslimany granted to the Defendants to secure two promissory notes in the aggregate face amount of $446,000 (the "Transfer") Trustee Brown asserts that the Transfer was constructively and actually fraudulent and thus avoidable. The Defendant was served with a copy of the Summons and Complaint on or about August 14, 2020. Samia El-Moslimany was authorized to intervene in the Adversary Proceeding per court order dated September 25, 2020. The Defendant has not appeared or filed an answer. The Intervenor filed an answer on October 9, 2020. Ann El-Moslimany filed her bankruptcy petition on December 29, 2020. Trustee James contends she has an interest in the Avoidance Adversary Proceeding because Ann El-Moslimany has a 50% interest in the Property and signed the deed of trust which Trustee Brown is seeking to avoid.

4. The Intervenor disputes Trustee Brown's contention that the Transfer was a fraudulent transfer that he may avoid and recover under 11 U.S.C. § 544, 548, and 550 and denies that the deed of trust was either constructively or actually fraudulent, and further asserts

Page 1 of 6

that, if the Transfer and the deed of trust are valid and unavoidable, the Property is of inconsequential value to the respective bankruptcy estates and ought to be abandoned.

5. Trustee Brown filed objections to proof of claim #6 filed by Sulayman Dehlawi in the amount of $130,000.00; and proof of claim #7 filed by Fouad Mohammed Amin AlDehlawi in the amount of $178,676.67. In his response to Trustee Brown's objection, he now contends the amount owed is $327,891.00. Zakariya Dehlawi filed proof of clam #8 in the amount of $86,320.17. The claim was not timely filed. The Trustee has not yet filed an objection to the claim but absent a settlement will do so on the basis it is an untimely filed claim and occupies the priority status of a Section 726(a)(3) claim. All of the Claimant Parties are insiders of debtor Samia El-Moslimany and debtor Ann El-Moslimany with claims totaling $544,211.17.

6. Following good faith negotiations, the Parties have agreed to a settlement upon the terms and conditions set forth below.

### B. AGREEMENT

### NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. **Settlement Payment.** Samia El-Moslimany agrees to pay the Trustees $500,000.00 (the "Settlement Payment") in settlement of the Avoidance Adversary Proceeding, and for abandonment of the Property. On or before August 6, 2021, Samia El-Moslimany will provide to the Trustee Parties a declaration under penalty of perjury attesting that the money used to fund the Settlement Payment was provided, post-petition, substantially by independent third-party donors and representing that it does not include property of the estate and that the Settlement Payment funds are currently in the trust account of her attorney. The declaration need not identify individual donors to the Settlement Payment. The declaration will be filed with the Court in support of the Trustee Parties' motion to approve this settlement. The Trustee Parties acknowledge that, prior to entering into this Agreement, Samia El-Moslimany provided them with the opportunity to view a list of all such third-party donors, and that the Trustee Parties have had an adequate opportunity to review such list and conduct any further investigation they deem appropriate. Within five business days following the date on which the orders of the Court approving this Settlement, and authorizing abandonment, become final orders, Samia El-Moslimany shall deliver a Cashier's Check(s) for the Settlement Payment according to instructions to be jointly issued by the Trustee Parties.

2. **Trustee Actions.** Within seven business days of the Settlement Effective Date, the Trustees will 1) file with the Clerk of Court a notice abandoning the Property (which shall include the legal description of the Property); and Trustee Brown will 2) file with the Clerk of the Court a stipulation of dismissal with prejudice of the Avoidance Adversary Proceeding, pursuant to Federal Rule of Bankruptcy Procedure 7041 and F.R.C.P. 41(a)(1)(A)(ii). Intervenor consents to such dismissal and will sign the stipulation.

3. **Withdrawal of Claims.** Upon the Settlement Effective Date, the Claimant Parties proofs

of claim are deemed withdrawn, with prejudice. The Claimant Parties also agree that any claims they have or may have had in the Ann Estate are forever waived. They will not be allowed any claim in the in the Ann Estate or the Samia Estate. Provided, however, that nothing in this Agreement waives or otherwise affects the rights or claims of the Claimant Parties with respect to the probate estate of Ann El-Moslimany.

4. **Bankruptcy Court Approval.** This Agreement is binding upon the Parties only upon approval by the U.S. Bankruptcy Court. This agreement is subject to Court approval under Rule 6007 and 9019 of the Federal Rules of Bankruptcy Procedure. The Rule 6007 and 9019 Motions will be set for hearing no later than the Court's September 10, 2021 calendar. Both Trustee Brown and Trustee James shall file, serve, and set for hearing a motion to approve compromise of controversy under Rule 9019 ("a 9019 Motion") and authorizing abandonment of the property under Rule 6007 (a "6007 Motion") of the Federal Rules of Bankruptcy Procedure. In the event this Agreement is not approved by the Court, all further terms of this Agreement shall be null and void.

5. **Settlement Effective Date.** The effective date of this Agreement and all of its terms (the "Settlement Effective Date") shall be the date upon which (i) the orders of the Court approving this Agreement and abandonment of the Property shall have become final orders, and (ii) the Trustee Parties have received the Settlement Payment in collected funds.

6. **Trustees' Release.** Upon the Settlement Effective Date, both Trustee Brown and Trustee James, solely in their capacity as Trustees, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Samia El-Moslimany and Ann Paxton El-Moslimany, and her probate estate, the Defendants and Intervenor, and their attorneys, accountants, and the successors and assigns of any of them (collectively, the "El-Moslimany Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which either Trustee has, have had, may have or may claim to have against the El-Moslimany Releasees in connection with the Transfer and Avoidance Adversary Proceeding, other than with respect to the Settlement Payment.

7. **Defendants and Intervenor's Release.** Upon the Settlement Effective Date, the Defendants and the Intervenor, Samia El-Moslimany in both her individual capacity and also in her capacity as the Personal Representative of the Ann Paxton El-Moslimany probate estate shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Trustee Brown and Trustee James, their past or present attorneys, accountants, financial advisors, and the successors of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendants, Samia El-Moslimany in her individual capacity as well as in in her capacity as the Personal Representative of the Ann Paxton El-Moslimany probate estate has, has had, may have or may claim to have against any of the Trustee Releasees in connection with the Transfer and Adversary Proceeding. Without limiting the foregoing, Samia El-Moslimany shall not be entitled to a creditor's claim in the Ann Paxton El-Moslimany Bankruptcy Case or the Samia El-Moslimany bankruptcy estate. Ann Paxton El-Moslimany shall not be entitled to a creditor's claim in the Ann Paxton El-Moslimany Bankruptcy Case or the Samia El-Moslimany bankruptcy estate.

8. **No Admissions.** All Parties expressly recognizes that neither this Agreement, nor any other action taken to comply with this Agreement represents an admission of liability or responsibility on the part of any Party. Neither this Agreement nor any action taken to comply with its provisions shall be construed as, or used as, an admission of any fault, wrongdoing or liability whatsoever in this or any other matter.

9. **Authority.** Each person signing this Agreement warrants that he or she has authority to bind the Party on whose behalf he or she is signing.

10. **Independent Counsel.** The Parties acknowledge and agree that they have each been represented in the negotiations and preparation of this Agreement by independent counsel of their choice, and that they have read this Agreement, have had its contents fully explained to them by such counsel, and are aware of the contents hereof and of its legal effect.

11. **Entire Agreement.** This Agreement contains the entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and there are no representations, inducements, promises or agreements, oral or otherwise, not embodied herein. Any and all prior discussions, negotiations, commitments and understandings relating thereto are merged herein. There are no conditions precedent to the effectiveness of this Agreement other than as stated herein, and there are no related collateral agreements existing between the Parties that are not referenced herein.

12. **Law.** This Agreement shall be governed by, construed and enforced in accordance with the United States Bankruptcy Code, Title 11 of the United States Code. To the extent state law applies, this Agreement shall be governed by, construed and enforced in accordance with the internal laws of the state of Washington, without giving effect to principles and provisions thereof relating to conflict or choice of laws irrespective of the fact that any one of the parties is now or may become a resident of a different state. Any action to enforce this Agreement shall be brought in the United States Bankruptcy Court for the Western District of Washington. In any such action, the prevailing party shall be entitled to attorney's fees.

13. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the respective Parties, and their legal representatives, successors, assigns and heirs.

14. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to constitute an original Agreement, and all of which shall constitute one Agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

_____
Ronald G. Brown, Chapter 7 Trustee
of the Samia El-Moslimany bankruptcy estate

Dated: AUGUST 4, 2021.


SEE ATTACHED SIGNATURE PAGE
_____
Nancy James, Chapter 7 Trustee
of the Ann Paxton El-Moslimany bankruptcy estate

Dated: _____, 2021.

_____
Samia El-Moslimany, in her individual capacity and in her capacity as personal representative of the Ann Paxton El-Moslimany probate estate

Dated: August 3, 2021.

_____
Sulayman Dehlawi, in his individual capacity

Dated: August 3, 2021.

_____
Zakariya Dehlawi, in his individual capacity

Dated August 3, 2021.

_____
Fouad A Dehlawi, in his individual capacity

Dated: August 3, 2021.

_____
Aziza Alyousef, in her individual capacity

Dated: August 3, 2021.

Exhibit A

LOT 12, SEAHURST WEST, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 80 OF PLATS, PAGE(S) 45, IN KING COUNTY, WASHINGTON.

14. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to constitute an original Agreement, and all of which shall constitute one Agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

_____
Ronald G. Brown, Chapter 7 Trustee
of the Samia El-Moslimany bankruptcy estate

Dated: _____, 2021.


_/s/ Nancy James_____
Nancy James, Chapter 7 Trustee
of the Ann Paxton El-Moslimany bankruptcy estate

Dated: __August 4____, 2021.


_____
Samia El-Moslimany, in her individual capacity and in her capacity as personal representative of the Ann Paxton El-Moslimany probate estate

Dated: _____, 2021.


_____
Sulayman Dehlawi, in his individual capacity

Dated: _____, 2021.


_____
Zakariya Dehlawi, in his individual capacity

Dated: _____, 2021.